COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Elder and Overton
Argued at Richmond, Virginia


JUSTIN WILLIAMS
                                              OPINION BY
v.        Record No. 0754-97-2        JUDGE NELSON T. OVERTON
                                            MARCH 17, 1998
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                    James F. D'Alton, Jr., Judge

           Jacqueline Waymack (Butterworth & Waymack, on
           brief), for appellant.

           Michael T. Judge, Assistant Attorney General
           (Richard Cullen, Attorney General, on brief),
           for appellee.


        Justin Williams (defendant) appeals his convictions of one

count of breaking and entering, in violation of Code § 18.2-91,

one count of robbery, in violation of Code § 18.2-58 and one

count of trespassing, in violation of Code § 18.2-119.  He

contends the Circuit Court of the City of Hopewell did not have

jurisdiction to convict him because the juvenile and domestic

relations district court (juvenile court) did not properly

transfer him to the circuit court.  The transfer was faulty

because defendant's mother was not served with notice of his

juvenile transfer hearing as required by Code § 16.1-263.

Because we agree that the notice requirements for juvenile

transfer hearings were not complied with, we reverse and remand.

                          I.  Facts

        Defendant was charged, and later indicted, for three

felonies which occurred on the evenings of June 4 and 15, 1995. Defendant was seventeen years of age at the time of the offenses. On October 25, 1995 the Commonwealth, pursuant to Code § 16.1-269.1, notified defendant of the Commonwealth's intention to move the juvenile court to transfer defendant to the circuit court for trial as an adult. The transfer was eventually set for hearing on March 20, 1996.

Defendant's many petitions listed three relatives: Sherwood Disher, defendant's father; Denise Tudor, defendant's mother; and Jeff Tudor, defendant's stepfather. Mr. Disher's address was listed as "unknown." Ms. Tudor's residence was listed as "Dinwiddie County." Mr. Tudor's full address in the City of Hopewell was given. Mr. Disher was never served nor was service ever attempted, presumably due to an absence of information as to his location. Summonses were issued to Mr. Tudor's address in Hopewell for several hearings in October and December 1995 and January 1996 but they were all returned with the notation, "Moved." The record does not indicate that service upon him was attempted for the March 20 transfer hearing.

On March 7, 1996 a summons was issued to "Denise Tudor, 4015 Lee Blvd., Petersburg, VA." The summons was returned by the City of Petersburg Sheriff with the notation, "Address not in City," and a box with the words, "Not found," checked. Another summons listing the same address was subsequently issued to the County of Dinwiddie Sheriff. This summons was received by the sheriff on

March 20, 1996, at 10:00 a.m., approximately one and one-half hours after the transfer hearing commenced. The summons was returned with the inscription, "no service." Strangely, defendant was served with notice at the same address as his mother on March 6, 1996. For whatever reason, the sheriff was able to find the residence one day but unable to do so several days later.

At the transfer hearing were defendant, his attorney and the Commonwealth. Neither of defendant's parents was present. The judge checked off a box on the transfer order indicating "a transfer hearing was conducted pursuant to proper notice pursuant to Va. Code §§ 16.1-263 and 16.1-264." He also found that defendant was "not a proper person to remain in the juvenile court" and transferred him to the circuit court for the proper criminal proceedings.

Defendant appealed the transfer, arguing that his mother was never served with notice of the hearing and, therefore, jurisdiction over him was not properly in the circuit court. The circuit court held that defendant's parents need not be actually notified because "[a]ll the statute requires is . . . the issuance of a summons." The circuit court subsequently assumed jurisdiction over defendant. On September 18, 1996 defendant pled guilty to two felonies and one misdemeanor and was sentenced by the court.

II. Notice of Transfer Hearing

We must decide whether Code § 16.1-263 requires more than the simple issuance of a summons. We believe that if the pronouncements of this Court and due process are to be honored, it does.

Code § 16.1-269.1 allows juvenile courts to transfer jurisdiction to the circuit court over juveniles "charged with an offense which would be a felony if committed by an adult." Before such transfer may be completed, a hearing must be held to determine whether the defendant is amenable to trial in the juvenile court. Code § 16.1-269.1(A). Notice of the hearing must be given as prescribed by Code §§ 16.1-263 and 16.1-264.

Code § 16.1-263(A) states that "the court shall direct the issuance of summonses, one directed to the juvenile . . . and another to the parents, guardian, legal custodian or other person standing in loco parentis." Code § 16.1-263(D) excuses lack of notice if the parent appears at the hearing voluntarily. Code § 16.1-263(E) excuses notice if the judge certifies on the record that the identity of the parent is not reasonably ascertainable. Neither Code § 16.1-263(D) nor (E) is applicable here because Ms. Tudor's address was known to the juvenile court, and she did not appear at the hearing.

Code § 16.1-264(A) states that "[i]f a party designated in Code § 16.1-263 A to be served with a summons can be found within the Commonwealth, the summons shall be served upon him in person or by substituted service as prescribed in § 8.01-296(2)." The

returned summonses do not reflect that substituted service was effected or even attempted by the sheriff.

"'Neither man nor child can be allowed to stand condemned by methods which flout constitutional requirements of due process of law.'" In re Gault, 387 U.S. 1, 13 (1967) (quoting Haley v. Ohio, 332 U.S. 596, 601 (1948)). Juveniles have been afforded many of the same constitutional guarantees as adults. Indeed, "society's special concern for children" leads us to a more vigorous examination of proceedings where the young have been accused of violating the law. See Kent v. United States, 383 U.S. 541, 554 (1966).

The threshold question before us is whether the court's failure to direct notice to defendant's parent was a procedural error which did not impact the jurisdiction of the court. See, e.g., Peyton v. French, 207 Va. 73, 80, 147 S.E.2d 739, 743 (1966) ("a preliminary hearing in the juvenile court was jurisdictional and not procedural"); Turner v. Commonwealth, 216 Va. 666, 668, 222 S.E.2d 517, 519 (1976) ("the form of notice and method of giving notice are ordinarily considered matters of procedural and not substantive due process") (emphasis in original). If merely procedural, then defective notice could have been waived or cured later in the proceedings. Id. at 669, 222 S.E.2d at 520. If substantive, then the circuit court did not have jurisdiction over defendant and his conviction is void. See Cheeks v. Commonwealth, 20 Va. App. 578, 582-83, 459 S.E.2d

107, 109 (1995); Jones v. Commonwealth, 220 Va. 666, 672, 261 S.E.2d 538, 672 (1980).

Much of our analysis on that issue has already been performed by this Court in Karim v. Commonwealth, 22 Va. App. 767, 473 S.E.2d 103 (1996) (en banc). In that case, a juvenile defendant, Khalid Karim, was transferred from the juvenile court to the circuit court for trial as an adult. The juvenile court judge had the names and addresses of Karim's father and stepmother, who was also Karim's guardian. Yet no notice was sent informing them of their son's transfer hearing. This Court sitting en banc unanimously held:

> [C]ompliance with the Code sections at issue here, relating to procedures for instituting proceedings against juveniles and for transferring jurisdiction to a circuit court, are mandatory and jurisdictional. The failure to strictly follow the notice procedures contained in the Code denied appellant a substantive right and the constitutional guarantee of due process.

Id. at 779, 473 S.E.2d at 108-09.[1]

The law on this point is clear: noncompliance with the mandatory notice requirements of the statute necessitates reversal of the conviction. See Burfoot v. Commonwealth, 23 Va. App. 38, 48, 472 S.E.2d 724, 729-30 (1996). In this case, as in Karim, it is not the method or form of the notice that is questioned. The form of the summons clearly notified defendant's

---

[1] The Karim court was construing Code § 16.1-269 before it was repealed and recodified as Code § 16.1-269.1 et. seq. The provisions relevant to this appeal, however, were unchanged.

mother of the time and nature of the hearing.  Its method of service was similarly straightforward:  delivery by a sheriff employed by the county.  It is the timing and direction of the notice that raise questions of error in this appeal.  Pursuant to the previous holdings of this Court and the Supreme Court of Virginia, we must examine the facts to determine whether the "issuance" of the summons in this case abridged defendant's substantive due process rights.

The factual differences between <u>Karim</u> and the instant matter are slight.  In <u>Karim</u>, notice was not sent to defendant's parent or guardian even though the juvenile judge had the names and addresses of those parties.  In the instant matter, the summons was sent.  However, it was first sent to a jurisdiction where the defendant's mother did not live.  It was later re-issued only days before the hearing and did not arrive until after the hearing had commenced.

According to the trial court, "issuance" of the summons in whatever direction or to whatever jurisdiction the issuer chooses is sufficient to satisfy the statute, regardless of the likelihood of receipt.  Surely we must require more.  To hold that notice was properly given when the juvenile court, with knowledge of the proper residence of the intended recipient, dispatched the summons to a different jurisdiction does not comport with our duty to ensure "the procedural regularity and the exercise of care implied in the phrase 'due process.'"  <u>In re</u>

<u>Gault</u>, 387 U.S. at 27-28.  <u>See also</u> <u>Jones</u>, 220 Va. at 670, 261 S.E.2d at 540 (finding that the juvenile criminal statutes evince the intent to hold the "the welfare of the child . . . paramount").

### III.  Conclusion

We hold that when the juvenile court has the address of a party named in Code § 16.1-263 and it issues a summons to a different jurisdiction or does so at a time which makes timely arrival impossible, the notice requirements of Code § 16.1-269.1 have not been satisfied.  When, as here, the notice of the transfer hearing was not properly issued, the transfer of jurisdiction was ineffectual and the subsequent convictions are void.  We, therefore, reverse defendant's convictions and remand to the circuit court with instructions to remand to the juvenile and domestic relations district court to take further action if the Commonwealth be so advised.

<u>Reversed and remanded.</u>