COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Bumgardner
Argued at Richmond, Virginia


EARNEST EUGENE WEESE, S/K/A
 ERNEST EUGENE WEESE
                                        OPINION BY
v.    Record No. 1712-98-4       JUDGE SAM W. COLEMAN III
                                      AUGUST 24, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                    LeRoy F. Millette, Jr., Judge

          Joseph W. Kaestner (J. Paul Walla; Kaestner,
          Pitney and Jones, P.C.; Ashton, Walla
          & Associates, P.C., on briefs), for
          appellant.

          Steven A. Witmer, Assistant Attorney General
          (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Earnest Eugene Weese, a seventeen-year-old juvenile, pled

guilty in circuit court to aggravated sexual battery pursuant to a

plea agreement.  The circuit court, hearing the case de novo on

appeal from the juvenile and domestic relations district court,

found Weese to be delinquent and committed him to an indefinite

term with the Department of Juvenile Justice.  After turning

eighteen, Weese moved the circuit court to "amend the charge," in

accordance with the plea agreement, from aggravated sexual battery

to indecent exposure.  Weese also moved the circuit court to

vacate the conviction and dismiss the petition on the ground that

the circuit court had lacked jurisdiction to enter the conviction

order.  Weese appeals the circuit court's denial of both motions.
We hold that the circuit court had jurisdiction to enter the
conviction and that the circuit court did not err in denying the
motion to amend the charge against Weese.  Accordingly, we affirm
the rulings and judgment of the trial court.

### I.  BACKGROUND

The Commonwealth charged Weese in juvenile court with
forcible sodomy against a child less than thirteen years of age.
After pleading guilty pursuant to a plea agreement to aggravated
sexual battery, Weese appealed the conviction to the circuit court
for a trial de novo.  Eventually, Weese pled guilty in circuit
court to aggravated sexual battery pursuant to a second plea
agreement.  Among the conditions of the plea agreement, "[i]t was
stated by the Commonwealth for the record, if the defendant has no
further violations prior to his eighteenth (18th) birthday they
will amend the charge to indecent exposure a misdemeanor."  The
court accepted the plea, found Weese guilty of aggravated sexual
battery and, as a delinquent, committed him for an indeterminate
period to the Department of Juvenile Justice.

In the juvenile court proceeding, Weese's legal guardian
received notice of the proceeding in accordance with the
requirement of Code § 16.1-263 and she attended the juvenile court
proceeding.  However, after Weese's appeal to the circuit court,
the guardian received no additional notice of and did not attend
the adjudicatory proceeding at which Weese entered into the plea

-

agreement and pled guilty.  Weese's guardian received notice of and attended the dispositional hearing at which the court sentenced Weese to an indeterminate commitment with the Department of Juvenile Justice.

More than one year after entry of the final commitment order, Weese moved the circuit court to enforce the plea agreement by "amending the charge" to indecent exposure.  Although the commitment order was final, by requesting amendment of the charge, Weese endeavored to reduce the offense to a misdemeanor for which his maximum term of commitment would have been twelve months, rather than an indeterminate delinquency commitment.  Additionally, and for the first time, Weese moved to vacate the conviction and dismiss the petition on the ground that the circuit court lacked jurisdiction because Weese's guardian received no notice of the circuit court adjudicatory proceeding.  Weese asserted that notice of the circuit court proceedings was mandatory and jurisdictional under Code § 16.1-263.

The circuit court denied both motions, finding that the juvenile court only had authority to enforce the plea agreement while the defendant was a juvenile and because Weese had waited until after his eighteenth birthday to seek enforcement of the plea agreement, the court had no authority to do so.  The circuit court also found that its proceedings did not violate the notice requirements of Code § 16.1-263 and upheld the delinquency conviction and indeterminate commitment.

-

## II.  ANALYSIS

### A.  Notice

Weese contends that the circuit court erred when it tried Weese without giving notice of the adjudicatory hearing to Susan Atkins, his legal guardian who stood in loco parentis, as required by either Code § 16.1-263(A) or (B).

Initially, we must determine whether Weese is barred by Rule 1:1 from challenging the circuit court's jurisdiction more than twenty-one days after the final commitment order and whether it is proper to do so merely by filing a motion to set aside a conviction in the circuit court.  Weese raised no objection at trial to the Commonwealth's failure to notify Atkins of the proceedings pending against him in the circuit court.  In fact, Weese first presented the argument to the circuit court over one year after the court had entered the final commitment order.  He raised the issue by filing a motion to set aside the conviction.

This preliminary issue is controlled by the Supreme Court's decision in Matthews v. Commonwealth, 216 Va. 358, 359, 218 S.E.2d 538, 540 (1975), which held that notwithstanding Rule 1:1, when a defendant moves a trial court to set aside a void judgment more than twenty-one days after its entry, the trial court has jurisdiction to vacate that judgment and the Court further held that filing a motion to set aside is a proper method for doing so. Thus, unless the failure to follow Code § 16.1-263 rendered the circuit court without jurisdiction to convict Weese, Rule 1:1 bars

-

our review of this issue.  However, if the trial court lacked jurisdiction, then Weese's conviction would be void ab initio, permitting Weese to challenge it at any time in an appropriate proceeding.  Accordingly, the jurisdictional issue was properly before the circuit court by motion.  Therefore, we must determine whether the failure to notify Atkins, Weese's guardian, deprived the circuit court of jurisdiction to convict Weese.

Code § 16.1-263(A) states that "[a]fter a petition is filed the court shall direct the issuance of summonses . . . to the parents, guardian, legal custodian, or other person standing in loco parentis, and such other persons as appear to the court to be proper or necessary parties to the proceedings."  Code § 16.1-263(B) further provides that notice "of subsequent proceedings shall be provided to all parties in interest."

We have held that "compliance with [Code §§ 16.1-263 and 16.1-264] relating to procedures for instituting proceedings against juveniles, are mandatory and jurisdictional.  The failure to strictly follow the notice procedures contained in the Code [deny the defendant] a substantive right and the constitutional guarantee of due process."  Karim v. Commonwealth, 22 Va. App. 767, 779, 473 S.E.2d 103, 108-09 (1996) (en banc).  Thus, we have held that where a juvenile court conducts a delinquency proceeding without notifying parents, or the person in loco parentis, a conviction order resulting from the proceedings is void.  See Baker v. Commonwealth, 28 Va. App. 306, 314-15, 504 S.E.2d 394,

-

398-99 (1998), affirmed per curiam, 258 Va. 1, ___ S.E.2d ___ (1999); Williams v. Commonwealth, 26 Va. App. 776, 781-82, 497 S.E.2d 156, 159 (1998); Karim, 22 Va. App. at 779-80, 473 S.E.2d at 108-09; see also, Jones v. Commonwealth, 213 Va. 425, 427-28, 192 S.E.2d 775, 777 (1972) (finding that the failure of a Court of Hustings to notify a juvenile's parents rendered that court's judgment void); Peyton v. French, 207 Va. 73, 79-80, 147 S.E.2d 739, 743-44 (1966) (involving former Code sections requiring notice in juvenile hearings). Where the void juvenile court order purported to transfer jurisdiction over the juvenile to a circuit court, the resulting orders from the circuit court, which is without jurisdiction, are void. See e.g. Karim, 22 Va. App. at 779-80, 473 S.E.2d at 108-09. To satisfy the constitutional due process and jurisdictional notice requirements of Code § 16.1-263 and vest the juvenile court with jurisdiction, the juvenile court's record must establish that the required parties received proper notice of the proceedings. See id.

Weese does not argue that the juvenile court failed to notify Atkins, Weese's guardian. The juvenile court served Atkins with a summons, and she attended the juvenile court hearings. Instead, Weese argues that the failure of the circuit court to serve notice upon Atkins violated the mandate of Code § 16.1-263 and without such notice in the de novo proceeding, the circuit court lacked jurisdiction to hear the petition.

-

As previously noted, the notice requirement of Code § 16.1-263(A), as it applies to the initiation of delinquency proceedings and petitions against a juvenile, is mandatory and jurisdictional. See id. Weese contends the language of Code § 16.1-263(A) has the same jurisdictional significance to a juvenile petition heard de novo in the circuit court. In addition, Weese claims the circuit court violated the mandate of Code § 16.1-263(B) requiring that notice "of subsequent proceedings . . . be provided to all parties in interest" which, Weese asserts, is also mandatory and jurisdictional.

Code § 16.1-263(A) is mandatory and jurisdictional, and in order to satisfy constitutional due process requirements, the court must notify a juvenile's guardian prior to the hearing of the nature of the charges against the juvenile and when and where the petition and charges are to be heard.

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections. The notice must be of such a nature as reasonably to convey the required information.

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-15 (1950) (citations omitted).

In the context of juvenile delinquency hearings, the United States Supreme Court has held that due process requires written

-

notice to a child's parent or guardian of the charge pending against his or her ward at the earliest practicable time. See In Re Gault, 387 U.S. 1, 33 (1967). Due process "does not allow a hearing to be held in which a youth's freedom and his parents' right to his custody are at stake without giving [the parents] timely notice, in advance of the hearing, of the specific issues that they must meet." Id. at 33-34.

We find that the constitutional and jurisdictional notice requirements were satisfied by notifying Atkins of the pendency of the petition and hearing in the juvenile court. For jurisdictional purposes, due process does not require the circuit court to give Atkins notice after Weese appealed the petition from the juvenile court. Just as with civil or misdemeanor appeals from a general district court, no new process or warrant need issue merely because the parties are entitled to a de novo hearing. The initial pleadings and notice given in the district court satisfy the constitutional and jurisdictional notice requirements even though the case may be heard de novo in the circuit court. Although Code § 16.1-263(A) and (B) require a summons and additional notice of the "subsequent" proceedings in the circuit court, we find that the additional notice is not constitutionally required and is not jurisdictional. Therefore, so long as Atkins received notice of the nature of the petition and a summons indicating the time,

-

date, and place of the initial hearing, the constitutional and jurisdictional notice requirements were satisfied.

Because Atkins received notice of the original proceedings, she had the opportunity, following Weese's appeal, to appear and be involved in subsequent proceedings, including the de novo hearings in the circuit court. Although Code § 16.1-263(B) may require additional notice of "subsequent proceedings" where necessary to inform the parent or guardian of such proceedings, failure to give such notice does not divest the court of jurisdiction, even though the omission may have been reversible error had the issue been appealed. Accordingly, we find that the notice Atkins received satisfied due process requirements for a de novo trial in the circuit court. The failure to give other statutory notice that may have been required by Code § 16.1-263 did not divest the circuit court of jurisdiction and, accordingly, we are procedurally barred by Rule 1:1 from addressing it.

## B. Plea Agreement

Over a year after the circuit court entered the final commitment order, Weese unsuccessfully moved the circuit court to amend the charge against him from aggravated sexual battery to indecent exposure in compliance with the plea agreement. Because the circuit court lacked jurisdiction to amend the charge after Weese had been found guilty of aggravated sexual battery and committed to the Department of Juvenile Justice, the

circuit court did not err in denying the motion to amend the charge.

A trial court's final judgment remains under the control of the court for twenty-one days after its entry; after twenty-one days, the trial court loses jurisdiction to suspend, modify, set aside, or vacate its judgment.  See Rule 1:1; Virginia Dept. of Corrections v. Crowley, 227 Va. 254, 264, 316 S.E.2d 439, 444 (1984) (finding that twenty-one days from the entry of the final order and after the defendant had been transferred to the penitentiary, a trial court had no authority to suspend sentences).  Furthermore, a trial court's order purporting to extend its jurisdiction over a case past the twenty-one days is ineffectual.  See Godfrey v. Williams, 217 Va. 845, 846, 234 S.E.2d 301, 302 (1977).

Here, the defendant asked the trial court, in accordance with the terms of a plea agreement, to modify or amend the charge against him more than twenty-one days after the final judgment and after the defendant had been committed to the Department of Juvenile Justice.  The court's jurisdiction to amend the charge and dispose of the case on an amended charge expired twenty-one days from entry of the final judgment order as provided by Rule 1:1.  The Commonwealth and defendant could

-

not by agreement extend that time.[1]  Furthermore, the fact that the trial court memorialized the plea agreement in the final order had no effect on the application of Rule 1:1 and did not extend the trial court's authority to modify the charge against Weese.  Accordingly, the trial court did not err in denying Weese's motion to enforce the plea agreement.

Finding no error, we affirm the circuit court's order.

<u>Affirmed.</u>

---

[1] In the trial court, the appellant sought to enforce the plea agreement; he did not seek alternate relief in the event the plea agreement was unenforceable.  Although the trial court was procedurally barred by Rule 1:1 from modifying the final conviction order and thereby enforcing the plea agreement, we do not address what alternate avenues of relief might be available to appellant for the Commonwealth's alleged breach of the plea agreement.

-