# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Tony K. Douglas

January 30, 2001

Case No. CR96-002158

BY JUDGE JOHN C. MORRISON, JR.

This matter comes before the Court on Defendant's Motion to Vacate the Judgment against him. On April 26, 1995, the defendant and two other codefendants beat and murdered one Clarence Carter and then proceeded to set Mr. Carter on fire. On May 6, 1996, the Juvenile and Domestic Relations Court found that probable cause existed for the charge of first degree murder against the defendant. The Court then transferred the defendant to the Norfolk Circuit Court to be tried as an adult. The defendant was tried by the Honorable John C. Morrison, Jr., was subsequently convicted of first degree murder, and was sentenced to life in prison. The record of the juvenile proceedings show that the juvenile defendant, his attorney, and his grandmother, Johnsie Lilly, were present at the juvenile transfer hearing. Defendant's father had been dead for several years, and his mother was incarcerated in the Virginia Correctional Center for Women serving a sentence for breaking and entering. Defendant contests the fact that his grandmother was actually present and says it was "someone else's" grandmother. However, the transfer/retention order also had the word "grandmother" typed in next to the word and box marked "other" to indicate those who were present at the hearing.

In defendant's own motion to the Court, he states that his legal guardian was Johnsie Lilly, his grandmother. Defendant also states that his grandmother's address was the one listed on the petition even though his sister's name, Tashawanda Jackson, was listed as legal guardian instead of Johnsie Lilly's name. According to the record, defendant's legal guardian was in fact his grandmother, just as the defendant himself indicates. On March 9, 1993, Johnsie Lilly petitioned the juvenile court for custody of defendant and the Honorable Everett A. Martin awarded sole custody to her on April 7, 1993. Further, in a letter written to the defendant by his trial attorney, Robert Aldinger, Mr. Aldinger states "[t]o the best of my recollection, I never caused any subpoenas to be issued for your grandmother and guardian, Johnsie Lilly. The only reason she appeared in Court was because I went to her home at . . . and delivered the messages to her in person. I recall one motion in Circuit Court that was continued because she was not present. . . ." Commonwealth's Motion in Opposition, Attachment D. The fact that his grandmother was not present at one of the proceedings in Circuit Court does not concern the Court in the present matter. This letter bolsters the Commonwealth's position that she was present at the previous proceedings. This is especially true in light of the record in this case indicating, on more than one document, that the grandmother was present for the juvenile transfer proceedings. *See* Transfer/Retention Order; Record of Proceedings.

Defendant now seeks to set aside his conviction based on *Baker v. Commonwealth*, 28 Va. App. 306, 504 S.E.2d 394, *aff'd per curiam*, *Commonwealth v. Baker*, 258 Va. 1, 516 S.E.2d 219 (1999), and its progeny. Defendant claims that his grandmother, his legal guardian and sole custodian, was not notified in accordance with the statute in effect at the time of his proceedings. The language of Virginia Code § 16.1-263 at that time read as follows:

After a petition has been filed, the court shall direct the issuance of summonses, one directed to the child, if the child is twelve or more years of age, and another to the parents, guardian, legal custodian or other person standing in loco parentis, and other such persons as appear to the court to be proper.

Such notice requirements have been determined to be jurisdictional rather than procedural, more specifically "subject matter" jurisdiction. *Karim v. Commonwealth*, 22 Va. App. 767, 473 S.E.2d 103 (1996); *Baker, supra*; *Williams v. Commonwealth*, 26 Va. App. 776, 497 S.E.2d 156 (1998). In *Karim*, the court stated that the notice provisions to a juvenile and its parents

are mandatory and jurisdictional. 22 Va. App. at 779, 473 S.E.2d at 108-09. Failure to strictly adhere to the notice procedures results in the denial of a juvenile defendant's substantial right and constitutional guarantee of due process. *Id.* The failure of a juvenile court to comply with statutory requirements of procedure renders the certification to another court void. Therefore, any subsequent conviction in that court is also void. *Karim*; *Williams*, 26 Va. App. at 781, 497 S.E.2d at 159.

Generally the father and mother of a minor child, if living together, are the joint natural guardians with equal powers and rights. *See* Virginia Code § 31-1. If either parent has abandoned his or her family, the other shall be the natural guardian. *Id.* Further the court may appoint a guardian upon a petition if not contested by the natural guardians. § 31-4. The Code does not define the term "guardian" but implicit in the statute is a recognition that a guardian is one who has either physical custody and control of the minor or the minor's estate, or both. *See In re O'Neil*, 18 Va. App. 674, 446 S.E.2d 475 (1994). The distinction between legal custody and legal guardianship is the amount of power and responsibility over the child. *Id.* at 478. Legal custody is defined as the "right to have physical charge of the child, to determine and re-determine where and with whom the child shall live, the right and duty to protect, train and discipline, and to provide with food, shelter, education . . . all subject to any residual parental rights and responsibilities." *Id.* at 478. "Guardianship . . . is a broader power, to have the custody of the ward and the right to take possession of the ward's estate . . . ." *Id.*

In the case at bar the father was deceased and the mother was in prison. The grandmother was the legal guardian of the defendant and his sole custodian. The grandmother is the only person who can be said to be standing *in loco parentis*, taking the place of a parent. In *Weese v. Commonwealth*, the Virginia Court of Appeals denied the defendant's motion to set aside his conviction and cited relevant language from *Karim v. Commonwealth*, 22 Va. App. 767, 779, 473 S.E.2d 103 (1996); *Weese*, 30 Va. App. 484, 517 S.E.2d 740 (1999). The court went through the language of the statute and noted that the notice requirements are mandatory and jurisdictional. The court stated "we have held that where a juvenile court conducts a delinquency proceeding without notifying parents, or the person *in loco parentis*, a conviction order resulting from the proceedings is void." *Weese*, 30 Va. App. at 489-90, citing *Baker*, *supra*; *Karim*, *supra*. The issue in *Weese* was admittedly different than the issue presented in the present case. In *Weese*, the defendant was arguing that his "legal guardian," notably the only one who appears to have received notice of the juvenile proceedings in the case, did not receive notice of a juvenile petition heard *de novo* in circuit court. *Id.* The court found no merit

in defendant's contention and stated that the constitutional and jurisdictional notice requirements were satisfied when Susan Atkins, defendant's legal guardian, was notified of the proceedings against him in *juvenile court. Id.* at 491.

The principle of that case applies in the instant case. The Court holds that defendant's grandmother, as his legal guardian and sole custodian, was the only person standing *in loco parentis* at the time in question and within the meaning of the statute. The mother was in prison and the father was deceased. The grandmother was present at the transfer hearing as evidenced by the record of proceedings. She did not object at any time during the juvenile proceedings. Therefore, any defect in the proceedings with respect to proper notification was cured by the grandmother's appearance and the failure to object to any inadequacy. *Roach v. Director of the Dept. of Corrections*, 258 Va. 537, 522 S.E.2d 869, 872 (1999) (holding that actual notice to a parent of the transfer hearing cures any departure from the statutory requirement of written notice), citing *Turner v. Commonwealth*, 216 Va. 666, 222 S.E.2d 517 (1976) (holding that the form and method of notice is procedural and any departure from the actual requirement can be cured or waived by the appearance of the proper and necessary parties and a failure to object); reaffirmed in *Karim, supra*; *Baker*, 28 Va. App. 306, 504 S.E.2d 394 (1998). The grandmother, defendant's legal guardian, and the only person standing *in loco parentis*, was the only necessary party in this case.

Accordingly, defendant's Motion to Set Aside the Conviction for first-degree murder is denied.