# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Lamont Willingham

February 27, 2001

Case No. CR01000754

BY JUDGE JOSEPH A. LEAFE

This matter comes before the Court on Defendant Lamont Willingham's Motion to Vacate the Conviction against him entered by the Norfolk Circuit Court on August 31, 1990. Defendant's biological father, David Willingham, died in 1988 as the result of a tractor trailer accident. Presentence Investigation Report at 5. Defendant's biological mother is Brenda Wiggins Spratley. Brenda Spratley and David Willingham were married in 1973 and had their son Lamont six weeks later. They were divorced in 1981. Brenda Spratley married Daniel Spratley in 1982. They, too, were subsequently divorced in 1988. Defendant's address and his mother's is the same. On each petition filed against the defendant, his biological father David Willingham was listed as "deceased." On January 30, 1990, Defendant, upon the advice and consent of his counsel, signed a waiver of the transfer hearing and the jurisdiction of the Juvenile Court. Defendant's mother, Brenda Wiggins Spratley, also signed that waiver. Defendant subsequently pleaded guilty to (1) two counts of attempted robbery; (2) four counts of use of a firearm in the commission of a felony; (3) larceny from the person; and (4) two counts of armed robbery. Defendant was thereafter sentenced to a total of twenty-five years in the Virginia State Penitentiary. Defendant now brings this Motion to Vacate the conviction based on the case of *Baker v. Commonwealth*, 28 Va. App. 306, 504 S.E.2d 394, *aff'd per curiam, Commonwealth v. Baker*, 258 Va. 1, 516 S.E.2d 219 (1999), and its progeny.

Pursuant to the Virginia Code at the time of the relevant offenses, both biological parents were required to be notified of the proceedings against their child. Virginia Code § 16.1-263(A), (amended 2000). Defendant contends that neither his mother nor his father were notified in accordance with the Code as interpreted by *Baker, supra*. Such notice requirements have been determined to be jurisdictional rather than procedural, and more specifically "subject matter" jurisdiction. *Karim v. Commonwealth*, 22 Va. App. 767, 473 S.E.2d 103 (1996); *Baker, supra*; *Williams v. Commonwealth*, 26 Va. App. 776, 497 S.E.2d 156 (1998). In *Karim*, the court stated that the notice provisions to a juvenile and its parents are mandatory and jurisdictional. 22 Va. App. at 779, 473 S.E.2d at 108-09. Failure to strictly adhere to the notice procedures results in the denial of a juvenile defendant's substantial right and constitutional guarantee of due process. *Id.* The failure of a juvenile court to comply with statutory requirements of procedure renders the certification to another court void. Therefore, any subsequent conviction in that court is also void. *Karim*; *Williams*, 26 Va. App. at 781, 497 S.E.2d at 159. A "void" judgment may be attacked collaterally or directly in any court at any time. *Winston v. Commonwealth*, 26 Va. App. 746, 497 S.E.2d 141 (1998). Generally the defendant asserting that the judgment of conviction is void for lack of subject matter jurisdiction has the burden of proving that fact. *Id.* at 752.

Moreover, pursuant to Virginia Code § 16.1-270 and prior to a transfer hearing, a juvenile fourteen years of age or older (previously fifteen years of age) charged with an offense which if committed by an adult could be punishable by confinement in a state correctional facility, with the written consent of his counsel may elect in writing to waive the jurisdiction of the juvenile court and have his case transferred to the appropriate circuit court. Thereafter the defendant is dealt with in the same manner as if he had been transferred pursuant to the applicable provisions, i.e. a transfer hearing. Va. Code § 16.1-270 (1999). Such waivers must be both in writing and accompanied by the written consent of the juvenile's counsel. *See* Code § 16.1-270. *Winston v. Commonwealth*, 497 S.E.2d 141, 26 Va. App. 746 (1998). In the present case defendant signed such a "waiver of jurisdiction" upon the advice and consent of his retained counsel, Mr. James Broccoletti.

This same waiver provision played a role in the court's decision in *Turner v. Commonwealth*, where the Virginia Supreme Court held that the requirement of "written" notice to the parents of the initiation of juvenile proceedings was merely procedural. 216 Va. 666, 222 S.E.2d 517 (1976). The court in *Turner* found it significant that former Code § 16.1-176.2 (now § 16.1-270), allowing waiver of the transfer hearing and jurisdiction, was enacted at the same time as the provision requiring written notice of the

transfer hearing to the parents. *Id.* at 669. Therefore, the court concluded that the requirement of "written" notice to the parents, etc., was merely procedural and was not jurisdictional. *Id.*; *see also Karim, supra; Baker, supra.* Since Turner, his parents, and his attorney were all present at the transfer hearing, the court held that the defect in notice was cured by the appearance of the proper parties and was waived because no objection was made regarding inadequate notice. *Turner,* 216 Va. at 670.

As stated above, in the case at bar, defendant voluntarily and intelligently waived the transfer hearing and jurisdiction of the juvenile court. Defendant cannot now claim that *Baker* mandates voiding his conviction where defendant was not entitled to a transfer hearing after he signed the waiver.

Further, it is apparent from the record in this case that defendant's sole biological parent and custodian, Brenda Spratley, did in fact receive notice of the proceedings against her son. The "record of proceedings" document dated January 16, 1990, ordering a certification report, shows that the mother was present with her son. A second "record of proceedings" document dated January 30, 1990, documenting waiver of the preliminary hearing and voluntary certification, also shows that the mother was present. Defendant's mother also signed the waiver of jurisdiction document at the time of the proceeding dated January 30, 1990. Although there is no evidence in the record of any summons issued to the mother, that defect in notice is cured by her voluntary appearance at the proceedings and is waived because no objection was made to the inadequacy of notice.

Therefore, the defendant's Motion to Vacate is denied.