COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


AFAF KANAZEH (MANN)

                                   MEMORANDUM OPINION*
v.   Record No. 2647-00-4              PER CURIAM
                                     JUNE 19, 2001
MICHAEL K. MANN


          FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                  Marcus D. Williams, Judge

          (Afaf Kanazeh, pro se, on brief).

          No brief for appellee.


     Afaf Kanazeh (Mann) (wife) appeals the decision of the

circuit court denying her motion to modify a final order.  The

circuit court held that because over twenty-one days had elapsed

since its entry of the final consent order, the court did not have

jurisdiction over the matter.  On appeal, wife attempts to raise

several substantive claims: the trial court erred in (1) not

awarding her attorney fees, (2) finding that husband's

circumstances have changed, (3) improperly considering the factors

in Code §§ 20-107.1 and 20-107.3, and (4) in refusing to issue a

subpoena on husband's telephone service provider.  Wife also

contends that this Court erred in its 1996 panel decision arising

from this divorce.  See Mann v. Mann, Record No. 0333-95-4 (Va.

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Ct. App. May 21, 1996). Because these issues are not properly before this Court, we do not address them. Upon reviewing the record and opening brief, we conclude that this appeal is without merit.[1] Accordingly, we summarily affirm this appeal. See Rule 5A:27.

## Background

After nearly ten years of marriage, the parties were divorced in December 1994. Husband had been paying $3,000 per month in spousal support to wife. On September 28, 2000, the trial court entered a consent order, signed by both parties, lowering husband's spousal support obligation to wife to $2,260 per month commencing November 1, 2000. Spousal support was reduced because upon husband's retirement, wife began receiving pension benefits of approximately $740 per month. Wife was represented by counsel in connection with husband's "Motion to Reduce Spousal Support." Both wife and her attorney signed the consent order before it was entered by the court.

On October 4, 2000, wife filed a "Motion to Modify Final Order." However, the hearing on the motion was not held on this motion until October 27, 2000, more than twenty-one days after the entry of the final order.

---

[1] Appellee has filed a motion to dismiss. We deny that motion.

Analysis

I.

"A trial court's final judgment remains under the control of the court for twenty-one days after its entry; after twenty-one days, the trial court loses jurisdiction to suspend, modify, set aside, or vacate its judgment." Weese v. Commonwealth, 30 Va. App. 484, 492, 517 S.E.2d 740, 744 (1999) (citing Rule 1:1). The trial court correctly denied wife's motion, finding that it lacked jurisdiction over the case. The record recites that the only time the issues raised on appeal were presented to the trial court was in the post-trial motion to modify the order. Because the trial court lacked jurisdiction to consider wife's motion to modify after the twenty-one day period expired, its ruling on the motion was a nullity and review by this Court is barred on the issues flowing from its denial of the motion. See Lewis v. Commonwealth, 18 Va. App. 5, 9, 441 S.E.2d 47, 49 (1994).

II.

Wife also attempts to raise several issues in this appeal relating to our 1996 memorandum opinion affirming in part the circuit court's decision in her divorce case. We denied wife's request for a rehearing en banc. These issues are not properly before us because we have already made a final determination on the merits. "Res judicata precludes the re-litigation of a claim or issue once a final determination on the merits has been

- 3 -

reached by a court having proper jurisdiction over the matter."

Gottlieb v. Gottlieb, 19 Va. App. 77, 81, 448 S.E.2d 666, 669

(1994).  Because the issues raised by wife are not properly

before this Court, we cannot entertain them.  Accordingly, we

summarily affirm this appeal.

Affirmed.