# CIRCUIT COURT OF THE CITY OF NORFOLK

Nolie Deal Sampson, III

v.

Commonwealth of Virginia

July 31, 2001

BY JUDGE JOHN C. MORRISON, JR.

This matter comes before the Court on Defendant, Nolie D. Sampson's, Motion to Vacate his conviction on the basis of *Baker v. Commonwealth* 28 Va. App. 306, 504 S.E.2d 394, *aff'd per curiam, Commonwealth v. Baker*, 258 Va. 1, 516 S.E.2d 219 (1999), and its progeny.

Defendant Nolie Deal Sampson, III, was born on March 3, 1962. Defendant was later charged with numerous counts of robbery and malicious wounding while still a juvenile. On May 5, 1981, defendant pleaded guilty to six counts of robbery and one count of malicious wounding, was convicted of those counts, and was subsequently sentenced to twenty years in prison. Defendant's mother married his biological father, Mr. Nolie Sampson, Jr., but they had been separated for fourteen years at the time in question. According to Mrs. Sampson's statements to the investigating officer, Mr. Sampson's whereabouts were "unknown" as he apparently abandoned the family fifteen years prior to the petitions being issued. *See Pre-Hearing Investigation Report*, at 4. The defendant was seventeen years old at the time the petitions were issued against him. The petitions list his mother as Barbara Sampson, 1112 Godfrey Ave., Norfolk, Va. 23504, where the defendant resided with her. The father is listed as Nolie Sampson, Jr.; however, there is no address listed for Mr. Sampson. There are no returns of service in the record. The transfer order states that "Ms. Barbara Jean Sampson, the defendant's parent/guardian" was present. *Transfer Order*. Both the mother and the father have submitted affidavits stating that Mr. Sampson did not receive any notice of the initiation of the proceedings back in 1980 nor was there any inquiry as

to the father's whereabouts at the time of the proceedings. Petitioner now claims that the convictions entered against him are void for lack of subject matter jurisdiction based on *Baker v. Commonwealth*. *Baker* held that the word "parents" used in the statute in effect at the time, meant notice to both the biological mother and father as a jurisdictional prerequisite to conducting a transfer hearing. *Baker, supra.*

The statute in effect in 1979-80 read as follows:

> A. After a petition has been filed, the court shall direct the issuance of summonses, one directed to the child, if the child is twelve or more years of age, another to the *parents*, guardian, legal custodian or other person standing in loco parentis, and such other persons as appear to the court to be proper or necessary parties to the proceedings. . . . Where the custodian is summoned and such person is not the parent of the child in question, the parent shall also be served with a summons. . . .
>
> E. No such summons or notification shall be required if the judge shall certify on the record that the identity of a parent or guardian is not reasonably ascertainable. An affidavit of the mother that the identity of the father is not reasonably ascertainable shall be sufficient evidence of this fact, provided there is no other evidence before the court which would refute such an affidavit.

Code of Virginia § 16.1-263 (Michie 1950) (amended 1996 to provide the word "juvenile" in place of the word "child," amended 1999 to require notice to "at least one parent").

Such notice requirements have been determined to be jurisdictional rather than procedural, more specifically "subject matter" jurisdiction. *Karim v. Commonwealth*, 22 Va. App. 767, 473 S.E.2d 103 (1996); *Baker, supra*; *Williams v. Commonwealth*, 26 Va. App. 776, 497 S.E.2d 156 (1998). In *Karim*, the court stated that the notice provisions to a juvenile and its parents are mandatory and jurisdictional. 22 Va. App. at 779, 473 S.E.2d at 108-09. Failure to strictly adhere to the notice procedures results in the denial of a juvenile defendant's substantial right and constitutional guarantee of due process. *Id.* The failure of a juvenile court to comply with statutory requirements of procedure renders the certification to another court void. Therefore, any subsequent conviction in that court is also void. *Karim*; *Williams*, 26 Va. App. at 781, 497 S.E.2d at 159.

A "void" judgment may be attacked collaterally or directly in any court at any time. *Winston v. Commonwealth*, 26 Va. App. 746, 497 S.E.2d 141

(1998). A defendant asserting that the judgment of conviction is void for lack of subject matter jurisdiction has the burden of proving that fact. *Id*. at 752.

In the present case the statute in effect in 1979-80 used the word "parents" and contained substantially the same language as that interpreted in *Baker*. As stated above, there is no return of service in the record for either of the parents. There was no address listed for the father on the petitions. According to the investigation report in the record, Mr. Sampson's whereabouts were "unknown" at the time the petitions were issued against his son. Although Mr. Sampson was absent in his son's life for many years prior to the petitions being issued, there has been no order from any court that divested his parental rights. Both the mother and the father have submitted affidavits to this Court asserting that the father, Mr. Sampson, was not notified in any manner. The transfer order states that only his mother was notified and present at the transfer hearing. Therefore, the petitioner has met his burden of establishing that the Juvenile Court never acquired jurisdiction over the case and the subsequent transfer to the Norfolk Circuit Court was void. The convictions rendered against him in the Circuit Court are therefore void.

Petitioner's Motion to Vacate is hereby granted.