## CIRCUIT COURT OF PRINCE GEORGE COUNTY

James L. Longworth, Jr.

v.

Joanne Harrison Williams

July 2, 2008

Case No. (Chancery) CH02-228-00

BY JUDGE W. ALLAN SHARRETT

By agreement of the parties, on April 5, 2007, this Court appointed a judge *pro tempore* to hear this matter pursuant to Va. Code Ann. § 17.1-109. The order directed the judge *pro tempore* to try "all issues joined between the parties in this matter. . . ." and vested him "with the same power and authority and . . . charged with the same duties . . . as though he were the regularly elected and qualified judge of this Court. . . ." *See Order Approving Appointment of Judge pro Tempore* (April 5, 2007).

Ms. Williams now asks the Court to remove the judge *pro tempore*. She argues that the judge *pro tempore* had conflicts of interest that should have been disclosed at the time of his appointment, and that he violated the Canons of Judicial Conduct during his service as such. Ms. Williams asserts that, if she had been made aware of these conflicts, she would not have stipulated to his appointment, a necessary predicate under Va. Code § 17.1-110. Because she would not have stipulated to his appointment, she argues that this Court should terminate the order appointing the judge *pro tempore* and vacate any findings to date. The Court declines to do so.

This court does not have the power to vacate the order it entered on April 5, 2007, appointing the judge *pro tempore*. "All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for *twenty-one days after the date of entry, and no longer*." Va. Sup. Ct. Rule 1:1 (emphasis added). The court cannot unilaterally decide to enter an order

extending this time period of jurisdiction nor can it despite an agreement between both affected parties. *Weese v. Commonwealth*, 30 Va. App. 484, 517 S.E.2d 740 (1999). It is clear that this court does not have the authority to vacate or modify its previous order. Further:

> The person appointed [as judge *pro tempore*] shall be vested with the same power and authority and shall be charged with the same duties as to the cause in and as to which he is appointed as though he were the regularly elected and qualified judge of such court.

Va. Code § 17.1-110.

This section is very clear. The legislature has made it apparent that it intended to vest equal power in the judge *pro tempore* as any other circuit court judge. In the case for which the appointment is made, the judge *pro tempore* is considered a circuit court judge and retains all the power and authority of a regularly appointed or elected judge. *Hart v. Hart*, No. 0952-02-3, 2003 Va. App. LEXIS 26, at *7 (Jan. 28, 2003). Thus, the judge *pro tempore* is this court's equal, and this court cannot overrule or vacate his orders.

It may be that Ms. Williams is not without recourse. She must, however, follow the procedure applicable to the appeal of any circuit court decision. Ms. Williams may also take ethical concerns regarding the judge *pro tempore* to the Judicial Inquiry and Review Commission. *See* Canons of Judicial Conduct Canon 6(A)(1) (2005).

Accordingly, lacking the authority to vacate its Order entered on April 5, 2007, and to remove the judge *pro tempore*, the Court denies Ms. Williams' motion to do so.