Alexandria

MARTIN L. SHAW

v.

COMMONWEALTH OF VIRGINIA

No. 0496-88-4

Decided January 23, 1990

COUNSEL

James P. Franca, for appellant.

Linwood T. Wells, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Code § 19.2-294.1 provides that whenever a person is charged with both reckless driving and driving while intoxicated "growing out of the same act or acts" and is convicted of one of the offenses, the trial court shall dismiss the remaining charge. Martin L. Shaw, the appellant, contends that his conviction for eluding a police officer in violation of Code § 46.1-192.1 (now Code § 46.2-817) constituted a conviction for reckless driving, thereby requiring the trial court, in obedience to Code § 19.2-294.1, to have dismissed a driving while intoxicated charge against him which arose out of the "same acts." We hold that, because the offense of eluding a police officer was not reckless driving on the date of the offense, January 9, 1988, Code § 19.2-294.1 did not pose a statutory bar to Shaw's conviction for driving while intoxicated in violation of Fairfax County Code § 82-4-17. Thus, we affirm the conviction.

The dispositive question which controls this case is whether the 1984 amendment to Code § 46.1-192.1 changed the offense of eluding a police officer so that it no longer constituted the offense of reckless driving. Prior to July 1, 1984, Code § 46.1-192.1[1] expressly provided that any person violating the statute was guilty of reckless driving. The statute further directed that the operator's license of any person convicted of reckless driving would be suspended and specified the range of punishment for the offense. Effective July 1, 1984, the General Assembly amended Code § 46.1-192.1 by deleting all references to reckless driving and by specifying that the offense of eluding a police officer would be punishable

---

[1] Effective October 1, 1989, Title 46.1 was repealed and recodified as Title 46.2. In the recodification former Code § 46.1-192.1 was removed from Chapter 4, Article 3, "Reckless Driving, Speeding, etc." and relocated as Code § 46.2-817 in Chapter 8, Article 1, "General and Miscellaneous."

as a Class 2 misdemeanor.[2]

The appellant argues that the 1984 amendment was simply intended to redefine the punishment for the offense as a Class 2 misdemeanor, in effect reducing the maximum punishment for the offense. He contends that the legislative intent in deleting the language in the statute which denominated the offense as reckless driving was to accommodate the change in the punishment from the range previously specified to a Class 2 misdemeanor. He reasons that because Code § 46.1-192.1, prior to 1984, contained punishment provisions different from the other acts of reckless driving specified by Code § 46.1-192, the eluding a police officer statute needed the "reckless driving" language to make clear that it was, in law and in fact, reckless driving. Appellant contends that after the penalty was specified as that for a Class 2 misdemeanor, the separate designation of the offense as reckless driving became superfluous. We find the argument unpersuasive because, after the 1984 amendment, as before, the punishment for eluding a police officer was different from the forms of reckless driving proscribed by Code § 46.1-192.

The appellant also contends that after the 1984 amendment violations of Code § 46.1-192.1 continued to be reckless driving because (1) the statute retained the headline of the code section—"Reckless Driving, Speeding, etc."—and, (2) the statute continued to be codified in Article 3 of Chapter 4 in Title 46.1. He argues that the headline to the statute and its location within the Code are further evidence of legislative intent. In support of this argument, he points out that the General Assembly did not amend in 1984 or thereafter Code § 46.1-192.2, which immediately followed the eluding police officer statute, and which authorized trial courts to find persons charged with "the foregoing offenses," which he argues includes eluding a police officer, guilty of improper driving "where the degree of culpability is slight." Thus, he reasons that because a person violating Code § 46.1-192.1 could be found guilty of improper driving, necessarily the legislature intended that the offense continue to be reckless driving. For all these reasons, the appellant contends that when he was convicted of eluding a police officer he was convicted of reckless driving and, therefore, Code § 19.2-294.1 bars his conviction for the

---

[2] Effective July 1, 1988, a violation of Code § 46.1-192.1 was reclassified as a Class 1 misdemeanor.

concurrent charge of driving while intoxicated in violation of the Fairfax County ordinance.

We construe the 1984 amendment to Code § 46.1-192.1 to make violation of the statute an offense distinct from reckless driving. The appellant would have us hold that a legislative deletion was of no consequence. We will not construe legislative action in a manner that would ascribe to the General Assembly a futile gesture. Legislative amendments are presumed as intended to effect a change in the law. *Wisniewski v. Johnson*, 223 Va. 141, 144, 286 S.E.2d 223, 224-25 (1982). The General Assembly, by deleting the language denominating violations of the statute as reckless driving, clearly intended that such violations would no longer constitute a reckless driving offense. We give to the amended statute the plain and unambiguous meaning which appears on its face. *See Portsmouth v. Chesapeake*, 205 Va. 259, 136 S.E.2d 817 (1964). We will not read into the statute language which the legislature purposefully deleted.

We also reject the various arguments which the appellant has advanced in support of his position that the amendment was not intended to make the offense not reckless driving. We find no merit in the view that, because the legislature saw fit in 1984 to change the punishment for eluding a police officer, the deleting of the reckless driving language did not affect a change. Also, the location of the statute in Article 3, Chapter 4 of Title 46.1 does not control the nature of the offense. Even so, Article 3 contains a number of offenses other than reckless driving. Retaining a headline after the 1984 amendment similar to that which appeared prior to the amendment, "Same [connoting reckless driving]; disregarding signal to stop by police officers; penalties," does not control the classification of the statute or take precedence over the language adopted by the legislature. *See* Code § 1-13.9. Finally, we are unpersuaded by the appellant's argument that after the 1984 amendment, Code § 46.1-192.2 continued to permit trial courts to find the accused guilty of improper driving when charged with eluding a police officer, thereby demonstrating a legislative intent that the offense of eluding a police officer remain a form of reckless driving. After 1984, eluding a police officer was no longer one of "the foregoing offenses" proscribed by Code § 46.1-192.2 because it was not reckless driving.

For the foregoing reasons we affirm the decision of the trial court.

*Affirmed.*

Baker, J., and Keenan, J., concurred.