## CIRCUIT COURT OF THE CITY OF NORFOLK

Kelvin E. Whitehurst

v.

Norfolk & Western Railway Co.

April 14, 1995

Case No. (Law) L93-20

BY JUDGE LYDIA CALVERT TAYLOR

This case arises under the Federal Employer's Liability Act, 45 U.S.C. § 51, et seq. ("FELA"). The defendant, Norfolk and Western Railway, has moved the Court to prevent the plaintiff from mentioning the *ad damnum* clause of the Motion for Judgment or suggesting to the jury any amount it should award for damages. The plaintiff states in his brief that he does not desire to mention the *ad damnum*; however, the plaintiff does plan to make a suggestion as to what is an appropriate amount for the jury to award.

The main thrust of the defendant's argument is that both federal and state courts have held that a state court trying a FELA case must apply federal, rather than state law to the propriety of arguments to the jury. The defense relies in part on two federal court FELA cases for that proposition, *Sharkey v. Penn Central Transp. Co.*, 493 F.2d 685 (2d Cir. 1974), and *Duncan v. St. Louis-San Francisco Ry. Co.*, 480 F.2d 79 (8th Cir. 1973). However, *Sharkey* and *Duncan* are federal cases decided in federal courts. It is only logical that federal law would control arguments in trials in federal courts, which apply their own federal procedure even in diversity actions, where the substantive law followed is state law. *Johnson v. Hugo's Skateway*, 974 F.2d 1408 (4th Cir. 1992). The defense argues that this detail is insignificant:

Although *Sharkey* is a FELA case brought in a federal court and may appear to apply the federal rule based merely upon its existence within the federal jurisdiction, it is noteworthy that the Second Circuit specifically made the distinction that federal law is to be applied on this issue "*in FELA cases.*" The court clearly considered the issue more than a simple matter of federal courts applying federal procedure.

Def. Br. at 2, n. 1. This court disagrees with that assertion. The only issue in either *Sharkey* and *Duncan* was the application of federal procedural law, in a FELA case tried in federal court, to counsel's argument to the jury. A federal court never confronts the issue of whether to apply state trial procedure. At most, a federal court, in a diversity action, must determine whether an issue is procedural or substantive. If substantive, state law governs; if procedural, it would apply its own federal trial procedures. It is difficult to imagine when a federal court might apply state procedural law to a case tried in a federal court. Certainly, that was not an issue in *Sharkey* or *Duncan*. Thus, this Court finds *Sharkey* and *Duncan* uninstructive on the issue of whether state or federal procedural law governs in a FELA case tried in a state court.

The defense also cites two state cases that, in the opinion of this court, mistakenly rely on *Sharkey* and *Duncan* in deciding that federal procedural law governs in a FELA case, even in state courts. *Burlington Northern R.R. Co. v. Warren*, 574 So.2d. 758, 767 (Ala. 1990), and *Broussard v. Missouri-Pacific R.R. Co.*, 376 So.2d 532 (La. App. 1979). In the opinion of this court, those two state cases are wrongly decided, relying entirely on *Sharkey* and *Duncan*, neither of which reached the issue presented to those state courts. Thus, *Burlington* and *Broussard* mistakenly rely on two federal cases that never confronted the issue before the state courts.

The defense's next line of argument focuses on the distinction between substance and procedure. It is the defense's assertion that counsel's argument to the jury is substantive in nature and, therefore, is controlled by federal law. While it is true that a state court must apply federal substantive law when trying a FELA case, generally a state court should apply state law when it comes to matters of procedure. *Burlington* at 763 (*citing New Orleans & Northeastern R.R. v. Harris*, 247 U.S. 367 (1918), and *Central Vermont Ry. v. White*, 238 U.S. 507 (1915)). The difficulty lies in differentiating between substance and procedure. *See, e.g., Brown v. Western Ry. of Ala.*, 338 U.S. 294 (1949).

The plaintiff has made a very thorough and compelling argument in support of its position that counsel's argument to the jury is a matter of procedure, not substance, citing 79 A.L.R. 2d 553, *Applicability of State Practice and Procedure in Federal Employer's Liability Act Actions Brought in State Courts*, § 10 (1961). That section states:

> Matters of the order and manner of trial, *arguments of counsel*, rules of evidence, including manner of production and admissibility, and the like, have consistently been held or recognized to constitute matters of practice and procedure to be governed by the state rules.

*Id.* at 583 (emphasis added). The plaintiff has also cited several state cases that conclude that arguments to the jury are matters of procedure, which are governed by state law. For example, in *St. Louis — San Francisco Ry. Co. v. King*, 278 P.2d 845, 850 (1954), the Oklahoma Supreme Court held:

> Plaintiff's rights of recovery, if any, were under the Federal Employer's Liability Act and determined by principles of federal law as interpreted by federal courts. But the admissibility of evidence and argument before the jury is a procedural matter and governed by the law of the forum.

This Court adopts the position that arguments of counsel are matters of procedure, not substantive law, and thus are determined by recourse to Virginia, not federal law.

The state rule in Virginia regarding the argument of counsel to the jury is codified in § 8.01-379.1 which, prior to 1993, stated:

> Notwithstanding any other provision of law, any party in any civil action may inform the jury of the amount of damages sought by the plaintiff in the opening statement or closing argument, or both. *The provisions of this section shall not apply to any action arising under federal law.*

Va. Code Ann. § 8.01-379.1 (Michie 1992) (emphasis added).

In 1993, the General Assembly amended this section, deleting the italicized portion. The defense argues that the deleted sentence "was extraneous and, for all practical purposes, unnecessary. It merely codified a rule that needed no legislative treatment." With this, the Court cannot agree. Virginia rules of statutory construction have long recognized that an amendment to a statute should always be construed to mean "something

rather than nothing." *Southern Ry. Co. v. United States Cas. Co.*, 136 Va. 475 (1923); *Shaw v. Commonwealth*, 9 Va. App. 331 (1990).

*Shaw v. Commonwealth* is particularly instructive on this point. In *Shaw*, the defendant was charged with driving under the influence and eluding a police officer. Under Virginia Code § 19.2-294.1, when a person is charged with both reckless driving and driving under the influence "growing out of the same act or acts" and is convicted of one of the offenses, the trial court shall dismiss the remaining charge. 9 Va. App. at 332. The defendant argued that his conviction for eluding a police officer constituted a conviction for reckless driving, and that consequently, the Court was required to dismiss the conviction for driving under the influence as per § 19.2-294.1.

The dispositive question controlling the case was whether the amendments to § 46.1-192.1 changed the offense of eluding a police officer to one that no longer constituted reckless driving. 9 Va. App. 332. In holding that it did change the offense, the Court of Appeals stated:

> We construe the 1984 amendment to Code § 46.1-192.1 to make a violation of the statute an offense distinct from reckless driving. The appellant would have us hold that a legislative deletion was of no consequence. *We will not construe legislative action in a manner that would ascribe to the General Assembly a futile gesture. Legislative amendments are presumed as intended to effect a change in the law.* The General Assembly, by deleting the language denominating violations of the statute as reckless driving, clearly intended that such violations would no longer constitute a reckless driving offense. We give to the amended statute the plain and unambiguous meaning which appears on its face. We will not read into the statute language which the legislature purposefully deleted.

*Id.* at 334 (emphasis added). Likewise, this Court will not "construe legislative action in a manner that would ascribe to the General Assembly a futile gesture." The plain and unambiguous meaning of § 8.01-379.1, as it now reads, is that any party may mention to the jury the amount of damages sought by the plaintiff in the opening statement and/or the closing argument, *regardless* of whether the action arises under state or federal law. Va. Code Ann. § 8.01-379.1 (Michie 1993).

The defense next argues that even if the General Assembly intended to expose actions arising under federal law to the provisions of § 8.01-379.1,

the amendment is a nullity because the FELA preempted the field of employer liability in interstate railroad transportation, and thus the Virginia legislature could not legislate so as to affect a FELA case. *Chicago M. & St. P. Ry. v. Coogan*, 271 U.S. 472 (1926), which defense cites, does so hold. However, Congress has only preempted the field insofar as *substantive* FELA law is concerned. The Virginia Supreme Court has recognized that state procedural law governs when a FELA case is brought in a state court. In *Chesapeake & O. R. Co. v. Meadows*, 119 Va. 43 (1916), the Court stated, "When Congress gave the State courts co-ordinate jurisdiction in this class of cases with the Federal courts, by necessary implication it adopted the procedure and practice of the state courts for the trial of such cases." *Id.* at 43. Thus, this Court holds that counsel's argument to the jury is a matter of procedural law, as the courts in *Sharkey* and *Duncan* made clear.

Even if federal procedural law controls in a state court FELA trial, federal procedure allows ample deference to the trial court's discretion as to what should and should not be allowed in counsel's arguments to the jury. As the Second Circuit stated in *Sharkey, supra*:

> We believe that the matter of estimating damages for the guidance of the jury is best left largely to the discretion of the trial judge, and that if he decides to permit the argument, no error will be committed at least where counsel makes clear that his figures are only suggestions and the court instructs the jurors that the suggestions are not binding on them.

*Sharkey*, 493 F.2d at 689. *See also, Duncan*, 480 F.2d at 84-85.

Therefore, even assuming, *arguendo*, that federal law controls the proper scope of argument to the jury, this Court has determined, based on federal precedents, that counsel should be allowed to mention the amount sought to the jury, subject to proper instructions to the jury as to how to weigh such arguments.

When a FELA case is brought in a state court in the Commonwealth of Virginia, that court must apply state law to issues that are procedural in nature. The propriety of counsel's argument to the jury is a procedural matter, which is governed by Va. Code Ann. § 8.01-379.1. That section allows mention of the amount sought in damages to the jury. The plaintiff's request to be allowed to suggest an appropriate amount to the jury is granted. However, in the Court's discretion, this shall only be allowed under the guidelines which were set forward in *Sharkey v. Penn. Central*

*Transp. Co.*, 493 F.2d 658 (2d Cir. 1974), which guidelines conform to Virginia law, to wit, counsel for the plaintiff must make it clear to the jury that his figures are only suggestions, and the Court shall instruct the jurors that the suggestions are not binding on them. *Id.* at 689.

The motion to exclude plaintiff's argument is denied.