COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Benton and
          Senior Judge Duff
Argued at Alexandria, Virginia


JERAMIE MICHAEL BAKER
                                        OPINION BY
v.  Record No. 1436-97-4        JUDGE JAMES W. BENTON, JR.
                                     SEPTEMBER 15, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                    J. Peyton Farmer, Judge

          Clifford Y. Rose (Rose & Wall, P.C., on
          brief), for appellant.

          Lisa R. McKeel, Assistant Attorney General
          (Mark L. Earley, Attorney General; John K.
          Byrum, Jr., Assistant Attorney General, on
          brief), for appellee.


     Jeramie Michael Baker, a juvenile, was transferred to the

circuit court for trial as an adult and was convicted by a jury

of attempted robbery in violation of Code § 18.2-58 and unlawful

wounding in violation of Code § 18.2-51.  On appeal, Baker

contends the circuit court lacked jurisdiction to try him as an

adult because the juvenile and domestic relations district court

did not comply with the mandatory notice requirements of Code

§§ 16.1-263 and 16.1-264 concerning the initiation of proceedings

against a juvenile.  He argues that the juvenile court's failure

to provide service of process upon his biological father violated

the mandatory requirement of Code § 16.1-263 requiring service of

summonses to the "parents" of the juvenile.  We agree.

On March 25, 1996, the Commonwealth filed two petitions in the juvenile and domestic relations district court charging Baker with attempted robbery and malicious wounding. The petitions listed Baker's mother's name and address. On the line for Baker's father's name and address, the petitions read "UK." A police officer served the petitions on Baker and his mother and arrested Baker. On the line on the back of the detention order which read "Parents notified on _____," the officer wrote the date "3/25/96."

A month later, a judge of the juvenile court held a transfer hearing pursuant to Code § 16.1-269.1. The transfer report prepared by the Department of Youth and Family Services listed Donald Michael Baker as Baker's father, noted the father's address as "Unknown," and supplied no information in the spaces provided for the father's phone number, occupation, or date of birth. "In describing his relationship with his biological father" in a substance abuse evaluation, Baker stated "'I don't have one.'" However, a psychological evaluation noted Baker's recent contact with his biological father.

The judge found probable cause to believe Baker had committed the charged offenses, see Code § 16.1-269.1(A)(2), and granted Baker's motion for a continuance. At the continued transfer hearing, the judge found that Baker was "not a proper person to remain within the jurisdiction of the Juvenile Court"

and transferred Baker to the circuit court to be tried as an adult.  See Code § 16.1-269.1(A)(4).

Prior to the indictment, Baker filed a motion to dismiss the charges or remand the case to juvenile court and alleged that the juvenile court lacked jurisdiction to transfer the case to the circuit court because the juvenile court failed to comply with the notice requirements of Code §§ 16.1-263 and 16.1-264.  The circuit court judge overruled the motion, finding "that lack of notice to . . . the biological father, whose address is unknown, who would have to be proceeded against by order of publication, does not deprive the Juvenile and Domestic Relations Court of jurisdiction."

A grand jury later indicted Baker on the transferred offenses.  At the trial, a jury convicted Baker of attempted robbery and the lesser offense of unlawful wounding.

## II.

Our juvenile statutes reflect "society's special concern for children," Kent v. United States, 383 U.S. 541, 554 (1966), and "provide judicial procedures through which the provisions of th[ese] law[s] are executed and enforced and in which the parties are assured a fair hearing and their constitutional and other rights are recognized and enforced."  Code § 16.1-227(2).  At a transfer hearing, the juvenile judge answers the "'critically important' question whether a child will be deprived of the special protections and provisions" of the juvenile court system

and determines "vitally important statutory rights of the juvenile." Kent, 383 U.S. at 553, 556. Therefore, the procedures for transfer must contain "procedural regularity sufficient in the particular circumstances to satisfy the basic requirements of due process and fairness, as well as compliance with the statutory requirements of" notice to the proper and necessary parties. Id. at 553; see In re Gault, 387 U.S. 1, 33 (1967). "[T]he requirement that the parents of [a juvenile] defendant charged with a crime have notification of the time and place of his [or her] trial and an opportunity to be present has remained constant." Jones v. Commonwealth, 213 Va. 425, 428, 192 S.E.2d 775, 777 (1972).

In Karim v. Commonwealth, 22 Va. App. 767, 473 S.E.2d 103 (1996) (en banc), we held that the provisions of Code §§ 16.1-263 and 16.1-264, "relating to procedures for instituting proceedings against juveniles, are mandatory and jurisdictional," and the failure to "strictly follow" these notice procedures denies a juvenile defendant "a substantive right and the constitutional guarantee of due process." 22 Va. App. at 779, 473 S.E.2d at 108-09. In particular, Code § 16.1-263 provides in pertinent part as follows:

> A. After a petition is filed, the court shall direct the issuance of summonses, one directed to the juvenile, if the juvenile is twelve or more years of age, and another to the parents, guardian, legal custodian or other person standing in loco parentis, and such other persons as appear to the court to be proper or necessary parties to the proceedings. The summons shall require them

to appear personally before the court at the time fixed to answer or testify as to the allegations of the petition. Where the custodian is summoned and such person is not the parent of the juvenile in question, the parent shall also be served with a summons. The court may direct that other proper or necessary parties to the proceedings be notified of the pendency of the case, the charge and the time and place for the hearing.

B. The summons shall advise the parties of their right to counsel as provided in § 16.1-266. A copy of the petition shall accompany each summons for the initial proceedings. The summons shall include notice that in the event that the juvenile is committed to the Department or to a secure local facility, the parent or other person legally obligated to care for and support the juvenile may be required to pay a reasonable sum for support and treatment of the juvenile pursuant to § 16.1-290. Notice of subsequent proceedings shall be provided to all parties in interest. In all cases where a party is represented by counsel and counsel has been provided with a copy of the petition and due notice as to time, date and place of the hearing, such action shall be deemed due notice to such party, unless such counsel has notified the court that he no longer represents such party.

  \*     \*     \*     \*     \*     \*     \*

E. No such summons or notification shall be required if the judge shall certify on the record that the identity of a parent or guardian is not reasonably ascertainable. An affidavit of the mother that the identity of the father is not reasonably ascertainable shall be sufficient evidence of this fact, provided there is no other evidence before the court which would refute such an affidavit.[1]

---

[1]This subsection was amended in 1997, after the trial of this case, to allow a judge to certify on the record that a parent or guardian's identity or <u>location</u> is not reasonably ascertainable.

Code § 16.1-263 (emphasis added). In addition, Code

§ 16.1-264(A) provides in pertinent part as follows:
> If after reasonable effort a party other than
> the person who is the subject of the petition
> cannot be found or his post-office address
> cannot be ascertained, whether he is within
> or without the Commonwealth, the court may
> order service of the summons upon him by
> publication in accordance with the provisions
> of §§ 8.01-316 and 8.01-317.

A plain reading of Code §§ 16.1-263 and 16.1-264 manifests legislative intent that both parents be notified and dispenses with this requirement only when the trial judge has certified on the record that the identity of a parent is not reasonably ascertainable. The trial judge made no such certification on this record. Indeed, the record contains no evidence that any attempt was made by the trial judge or the Commonwealth to ascertain the address of the biological father. In fact, at the hearing on Baker's motion to dismiss or remand back to the juvenile court, the Commonwealth "conceded that there was no attempt to give the [biological father] notice."

At the least, the Commonwealth was required to make a reasonable inquiry as to the address of Baker's biological father, and, if the address could not be ascertained "[a]fter reasonable effort," to effect service of the summons by publication. See Code § 16.1-264. Cf. Unknown Father of Baby Girl Janet v. Division of Social Services, 15 Va. App. 110, 116, 422 S.E.2d 407, 410-11 (1992) (noting that where "the mother's

- 6 -

testimony fails to suggest even a clue as to the father's identity, his whereabouts, or that a reasonable inquiry or search would successfully identify and locate him," the trial judge properly certified on the record that father's identity was "not reasonably ascertainable").  We disagree with the Commonwealth's assertion, made at oral argument, that the time requirements of an order of publication "in accordance with the provisions of [Code] §§ 8.01-316 and 8.01-317," see Code § 16.1-264, cannot be reconciled with the twenty-one day time limitation specified in Code § 16.1-277.1.  We note that the twenty-one day period in Code § 16.1-277.1(A) is not absolute because it may be enlarged, when appropriate, by the trial judge pursuant to other provisions of the statute.  See Code § 16.1-277.1(B) (providing for a period of 120 days under specified circumstances) and Code § 16.1-277.1(D) (stating that "[t]he time limitations provided for in this section may be extended by the court for a reasonable period of time based upon good cause shown, provided that the basis for such extension is recorded in writing and filed among the papers of the proceedings").

Without either a certification on the record that the identity of Baker's father was not reasonably ascertainable or proof of service of the summons upon Baker's father by publication, the provisions of Code § 16.1-263(A), requiring service of summonses on the parents of the juvenile, have not been met.  "The provisions in the Code specifying parents of a

- 7 -

juvenile as proper and necessary parties who must receive notice are mandatory."  <u>Karim</u>, 22 Va. App. at 776, 473 S.E.2d at 107; see <u>Peyton v. French</u>, 207 Va. 73, 79, 147 S.E.2d 739, 743 (1966).  Noncompliance with these requirements necessitates reversal of Baker's convictions.  See <u>Williams v. Commonwealth</u>, 26 Va. App. 776, 781, 497 S.E.2d 156, 159 (1998).

We further note that the history of the amendments to Code § 16.1-264 supports the foregoing analysis.  Prior to 1991, Code § 16.1-264 provided in part as follows:

> A.  If a party designated in § 16.1-263 A to be served with a summons can be found within the Commonwealth, the summons shall be served upon him in person.  <u>However, service of the summons on one parent in person shall be deemed sufficient service on both parents in cases where (i) the child is alleged to be in need of services or delinquent and custody of the child is not in issue and (ii) the serving officer has reasonable grounds to believe the parents are living together in the same household, provided a copy of the summons is served on the parent who was not served in person by substituted service as prescribed in § 8.01-296(2) and the serving officer notes on the return that he believes the parents are living together.</u>

(Emphasis added).  In 1991, the legislature deleted the italicized portion of the above quoted statutory language.  The statute currently provides as follows:

> If a party designated in § 16.1-263 A to be served with a summons can be found within the Commonwealth, the summons shall be served upon him in person or by substituted service as prescribed in § 8.01-296(2).

Code § 16.1-264(A).

- 8 -

When we construe statutes, "we assume that the legislature's amendments to the law are purposeful and not unnecessary." Broadnax v. Commonwealth, 24 Va. App. 808, 814, 485 S.E.2d 666, 669 (1997). "We will not construe legislative action in a manner that would ascribe to the General Assembly a futile gesture. Legislative amendments are presumed as intended to effect a change in the law." Shaw v. Commonwealth, 9 Va. App. 331, 334, 387 S.E.2d 792, 794 (1990); see Wisniewski v. Johnson, 223 Va. 141, 144, 286 S.E.2d 223, 224-25 (1982). The General Assembly, by deleting the language "service of the summons on one parent in person shall be deemed sufficient service on both parents," clearly intended that such service would no longer be sufficient notice to the "parents" of the juvenile. This amendment to Code § 16.1-264 and the plain language of Code § 16.1-263(A) that the "parents" of the juvenile must be served with summonses evince the legislature's intent that both parents (unless the identity of one parent is not reasonably ascertainable, see Code § 16.1-263(E)) be notified of the juvenile proceedings initiated against their child. The Commonwealth's argument that service of a summons on one parent is sufficient is contrary to the General Assembly's amendment to Code § 16.1-264, which deleted that very language. "We will not read into the statute language which the legislature purposefully deleted." Shaw, 9 Va. App. at 334, 387 S.E.2d at 794.

Moreover, Code § 16.1-263(E) states that "[a]n affidavit of

the mother that the identity of the father is not reasonably ascertainable shall be sufficient evidence of this fact."  If the legislature intended to require or permit service of a summons upon only one parent, that part of subsection (E) relating to "an affidavit of the mother" would be unnecessary because the statute presupposes the mother is obviously present and available for service.  To interpret subsection (A) as requiring notice to only one parent would render the language of subsection (E) superfluous and meaningless.  "Under well-established principles of statutory interpretation, where possible, every word of a statute must be given meaning."  Gray v. Graves Mountain Lodge, 26 Va. App. 350, 356, 494 S.E.2d 866, 869 (1998); see Monument Assocs. v. Arlington County Bd., 242 Va. 145, 149, 408 S.E.2d 889, 891 (1991).

Because the notice of the initiation of juvenile proceedings was not properly served on the required parties, the transfer of jurisdiction was ineffectual and the subsequent convictions are void.  Accordingly, we reverse Baker's convictions and remand to the circuit court with instructions to remand to the juvenile and domestic relations district court to take further action if the Commonwealth be so advised.

Reversed and remanded.