# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Commonwealth of Virginia

v.

William Nixon

November 24, 1999

Case No. CR95-3629

BY JUDGE DEAN W. SWORD, JR.

The court after hearing argument and considering same makes the following finding of facts and legal conclusions.

### Facts

The defendant was charged pursuant to petitions filed with the Juvenile and Domestic Relations District Court for this City with two counts of felonious use of a firearm (§ 18.2-53.1), robbery (§ 18.2-58), and capital murder (§ 18.2-31). These petitions were issued October 27, 1995.

The Juvenile Court conducted a hearing on November 14, 1995, and ordered this matter transferred to this court pursuant to Virginia Code § 16.1-269.1. This order was appealed to this court, and after hearing, this court entered an order on December 6, 1995, granting transfer and authorizing the Commonwealth's Attorney to seek an indictment.

A grand jury of this court indicted the defendant on four counts as noted above on December 7, 1995. In subsequent proceedings, the capital murder count was amended to first degree murder (§ 18.2-32).

This matter came on to be tried before a jury, which on February 22, 1996, found the defendant guilty on all four counts of the indictment. Subsequently, he was sentenced to life imprisonment plus 38 years.

The records of this court reflect that at the time of these proceedings, the defendant was sixteen years of age, his date of birth being November 21, 1979.

The records further reflect that the defendant's mother, Beverly Nixon, was served with a copy of the petitions and appeared with him at all court proceedings. The petition notes that the defendant's father is "William Grant — Address Unknown." (It has subsequently been represented to this court that William Grant may not be the father of this defendant and great care should be taken in subsequent proceedings to determine this matter.)

At no time during the "transfer proceedings" were the provisions of Virginia Code § 16.1-263 complied with as they relate to notice to the father of the defendant.

## Legal Conclusions

Procedurally, the court is at somewhat of a quandary as to how to address the issue.

*Baker v. Commonwealth*, 28 Va. App. 306 (1998), *affirmed* 258 Va. 1 (1999), was a direct appeal to the actions of the trial court and was given appellate review under traditional rules. Virginia Code § 17.1-406 *et seq.*

The parties to this matter agree that the defendant's right to proceed by writ of habeas corpus ended June 23, 1999. (The Supreme Court denied his petition for a writ of error on June 23, 1997. See Virginia Code § 8.01-654.)

Counsel for the defendant concedes at hearing that Virginia Code § 8.01-677 (Statutory Coram Nobis) does not appear to be the appropriate way to attack the issue, and, as an aside, the court agrees.

Finally, the Commonwealth argues that Virginia Code § 19.2-303 deprives the court of jurisdiction to act on this matter. Normally, this would be true; however, § 19.2-303 assumes that a defendant has been placed in the custody of the Department of Corrections by a *valid* order of conviction that has become final.

*Baker, supra*, notes: "Because the notice of the initiation of juvenile proceedings was not properly served on the required parties, the transfer of jurisdiction was ineffectual and the subsequent convictions are *void*." (Emphasis added) at page 315. It is clear that *Baker* is teaching that this court has no jurisdiction.

Applying traditional rules, "A defect in subject matter jurisdiction cannot be cured by reissuance of process, passage of time, or pleading amendment ... a judgment on the merits made without subject matter jurisdiction is null and

void." It is also accepted that subject matter jurisdiction cannot be waived. *Morrison v. Bestler*, 239 Va. 166, at 170 (1990).

For purposes of disposition of this matter, the court has elected to treat this as a motion challenging the subject matter jurisdiction of the Court pursuant to *Baker*, and, after hearing the argument of both counsel and a review of the records of this and the Juvenile and Domestic Relations District Court, has come to a conclusion that all of the previous acts of this court including the return of an indictment by the grand jury were and are a nullity.

## Order

This matter came on this day to be heard upon the motion of the defendant pursuant to Virginia Code § 8.01-677 and was argued by counsel.

For the various reasons stated by the Court in its opinion letter of even date with this order, which is incorporated herein, the court grants the motion of the defendant and orders as follows.

(1) The orders of this court entered herein after the indictment was returned on December 7, 1995, are vacated as void at the time of their entry.

(2) The indictment is stricken from the docket as void, the grand jury not having jurisdiction to consider and return same.

(3) This matter is remanded to the Juvenile and Domestic Relations District Court for the City of Portsmouth for such further proceedings as the Commonwealth shall be advised to consider.

(4) The defendant shall not be released from custody until the Juvenile and Domestic Relations District Court has had an opportunity to consider that issue and set appropriate terms, if any.

It is so ordered.