JUSTICE COMPTON,
dissenting.
In my opinion, the defendant waived the defect in the juvenile court proceeding.
Code § 16.1-269.6(E) plainly provides: “Any objection to the jurisdiction of the circuit court pursuant to this article shall be waived if not made before arraignment.”
Baker did not involve interpretation of this statute. See Commonwealth v. Baker, 258 Va. 1, 516 S.E.2d 219 (1999) (per curiam), aff’g Baker v. Commonwealth, 28 Va. App. 306, 504 S.E.2d 394 (1998).
As I understand the majority’s reaction to this statute, waiver does not apply here because application of the statute is restricted to proceedings described in Article 7 of Chapter 11 of Title 16.1 of the Code, which does not include statutes dealing with the initiation of the juvenile court proceedings.
As I interpret Code § 16.1-269.6(E), it plainly speaks globally to the jurisdiction of the circuit court. Acquisition of this jurisdiction involves one continuous process and results from the interplay of many statutes not codified within Article 7, including the Article 5 notice provisions of former Code §§ 16.1-263 and -264. In other words, a circuit court’s jurisdiction is acquired not only by the transfer proceeding mentioned in Article 7 but also by the initiation requirements mentioned in Article 5.
Therefore, I would affirm the judgment of the Court of Appeals, which affirmed the defendant’s convictions.