## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Henry M. Cano

May 5, 2000

Case No. (Criminal) Nos. K90670 and K90857

BY JUDGE R. TERRENCE NEY

This case was argued before the Court on April 28, 2000, on Defendant's Motion to set aside a Final Order of the Circuit Court of Fairfax County entered on November 27, 1996, on pleas of guilty by the defendant to the charges of felonious use of a firearm, aggravated malicious wounding, and felonious discharge of a firearm.

The basis of the motion is that the defendant was a juvenile at the time the offenses were committed and that his father was not given notice of the court proceedings — specifically the transfer hearing — in the juvenile court. Furthermore, there was no certification in the court record that the identity of the defendant's father was not reasonably ascertainable. Finally, the defendant asserts that his father was not served by publication. All these omissions, contends defendant, are violative of Virginia Code §§ 16.1-263 and 16.1-264 and settled Virginia law. *Commonwealth v. Baker*, 258 Va. 1, 516 S.E.2d 219 (1999) (per curiam), aff'g *Baker v. Commonwealth*, 28 Va. App. 306, 504 S.E.2d 394 (1998); *Moore v. Commonwealth*, 259 Va. 431 (2000).

The process for notification essentially has three steps:

1. Notify both parents;[1]

2. If identity of parent(s) is not reasonably ascertainable, the judge so certifies and no parental notice is required;

---

[1] As a result of the 1999 amendment to § 16.1-263, notification now must go "to at least one parent."

3. If identity of parent(s) is known, but whereabouts of parent(s) cannot be ascertained "after reasonable effort," service on the unlocatable parent(s) shall be by publication.[2]

All of these steps are mandatory and jurisdictional. *Karim v. Commonwealth*, 22 Va. App. 767, 473 S.E.2d 103 (1996); *Baker v. Commonwealth*, 28 Va. App. 306, 504 S.E.2d 394 (1998), *aff'd per curiam, Commonwealth v. Baker*, 258 Va. 1, 516 S.E.2d 919 (1999); *Moore v. Commonwealth*, 259 Va. 431 (2000).

This Court initially inquired about the father's presence in support of the instant motion, reasoning that the father would not wish to be deprived of a second opportunity to assist his child in his defense. Defense counsel advised that he did not know of the whereabouts of the father or that the father even had any knowledge of these proceedings. His absence for this motion is seemingly irrelevant although his absence at the prior proceeding is of such moment. Or, put differently, it is not just that his actual presence was so important but that the opportunity for his presence be ensured. As a result, at the very least, the record must reflect that the juvenile court had certified that his identity was not reasonably ascertainable or that the Commonwealth had made efforts to ascertain the whereabouts of the father, and these being unsuccessful, that the court had ordered service of a summons on him by publication. Such is the commandment of the retroactive application of *Baker I*[3] and its progeny, and such must be the examination of the record by this Court.[4]

---

[2] This is not actually what the § 16.1-263 states. Rather, the language of subsection E(ii) suggests that for delinquent infractions as set out if the location or for parent(s) outside the Commonwealth location or mailing address is not reasonably ascertainable, no such summons or notice shall be required and the judge so certifies on the record.

[3] *Baker v. Commonwealth*, 28 Va. App. 306, 504 S.E.2d 394 (1998), is referenced throughout this letter as "*Baker I*."

[4] The mother in support of the motion states by affidavit that the identity and whereabouts of the boy's father were known at the time of the transfer hearing. Why she did not bring this to the attention of the court at that time is not known. Further, if such is the case, why has the father not been given notice at this time of this hearing in order to participate? The answer is undoubtedly because he has as much knowledge of and as much interest in this proceeding as he would have had in the prior proceeding. But that is not the test.

*Analysis*

First, was the father's identity known and were his whereabouts reasonably ascertainable? The petition filed in the Juvenile and Domestic Relations Court of Fairfax County dated April 17, 1996, states — perhaps incorrectly — that the name of the father is "Leonel Carrion." Handwritten by the juvenile court judge next to that name are the words "whose whereabouts are unknown." No certificate is in the file stating that the identity of the father is not reasonably ascertainable because plainly the juvenile court judge believed that the identity of the father was known and that it was "Leonel Carrion."[5]

Second, as to his whereabouts, according to the mother's recent affidavit of February 3, 2000, the father was living at a known address in Nicaragua.[6] Not having been provided this information, the juvenile court judge believed that his whereabouts were "unknown."

Third, was the father summoned to the hearing on the "transfer proceedings"? He plainly was not. Was he required to be given notice of the hearings by publication — on the assumption that the court was correct in its belief that the whereabouts of the father were in fact unknown?[7] The relevant Virginia Code § 16.1-264 uses the permissive "may" in providing that the court *may* effect service of summons by publication [if the address could not be ascertained after reasonable effort]. Yet *Baker 1* reads service by publication to be mandatory, if a parent's address could not be ascertained after reasonable effort:

> At the least, the Commonwealth was required to make a reasonable inquiry as to the address of Baker's biological father, and, if the address could not be ascertained "[a]fter reasonable effort," *to effect service of the summons by publication.*

*Baker v. Commonwealth*, 28 Va. App. 306, 312, 504 S.E.2d 394, 397 (1998) (emphasis added).

---

[5] The full name of the father it now turns out — though, again, apparently known by the mother at the time of the prior hearing — is "Leonel Carrion Perez."

[6] De La Iglesia el Calverio 2 Cuadra a 1s Lago, Media ½ Arriba Managua, Nicaragua, Centro America.

[7] Interestingly, the February 3, 2000, affidavit contained the address for the father that was allegedly available over four years ago but which was not provided at that time.

Here, there was no service of publication made upon the father whose name — albeit incomplete — was provided to the court.

Given the mandate of *Baker I* requiring service of summons by publication, the statutory requirement of parental notice that is mandatory and jurisdictional has not been met. As a result, the circuit court was without jurisdiction to hear this matter and accept the pleas of guilty entered by the juvenile defendant. The convictions based on those pleas are vacated, and this matter is remanded to the Juvenile and Domestic Relations Court of Fairfax County for further proceedings.