# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Kenton L. Ruffin

June 22, 2000

Case No. CR96002331-00

BY JUDGE MARC JACOBSON

Defendant Kenton Ruffin has filed a Motion to Set Aside Judgment moving the Court to "set aside the judgments of conviction of the defendant on June 19, 1997." Defendant was a juvenile at the time of the charged offenses, January 4, 1996, and alleges that because no notice or attempt to give notice to the Defendant's father was given or made, the convictions of Defendant were therefore void pursuant to *Commonwealth v. Baker*, 28 Va. App. 306 (1998), *aff'd*, *Baker v. Commonwealth*, 258 Va. 1 (1999) (per curiam). The *Baker* case held that notice of commencement of proceedings against a juvenile was required to be given to *both* parents of the juvenile pursuant to Virginia Code §§ 16.1-263 and 16.1-264.

The Commonwealth has raised a number of issues in its Memorandum in Opposition to Motion for New Trial. However, during oral argument on June 8, 2000, the basic issue to be considered is that of notice "to the parents" of Defendant, a juvenile.

Each of the Petitions initiated in the Norfolk Juvenile and Domestic Relations District Court dated January 10, 1996 (Case Nos. J63053-15), indicates the Father's Name and Address as "UNKNOWN" and the Mother's Name and Address as "Carolyn Ruffin ADDRESS: SAC" (presumably meaning "same as child"). Each Petition further indicates that "The above information is not known to the petitioner: No. (s). # 5/Fathers (sic) Name & Address." It

appears that the mother of the Defendant, Carolyn Ruffin, was present at all proceedings up to and through all Circuit Court proceedings.

During argument, the Commonwealth introduced as Commonwealth Exhibit 1 the Transfer/Retention Orders for Case Nos. J63053-03 through -09 and -11 through -15, entered by the Norfolk Juvenile and Domestic Relations District Court for the offenses for which Defendant was ultimately convicted and which Defendant now seeks to void. Each of the Orders reflects that the mother of Defendant was present and each of the Orders has a box checked which reads "In compliance with the Code of Virginia and on motion of the Commonwealth's Attorney, a transfer hearing was conducted pursuant to proper notice pursuant to Va. Code §§ 16.1-263 and 16.1-264 to the juvenile, the *juvenile's parents*, guardian, legal custodian, or other person standing in loco parentis or attorney." (Emphasis supplied.) The attorney for the Commonwealth contends that by checking the box referred to in the preceding sentence in each instance there is a presumption that Virginia Code §§ 16.1-263 and 16.1-264 have been complied with insofar as proper notice having been given to the Defendant juvenile's parents and that a court speaks through its Orders. Therefore, this Court should accept the Orders as compliance with Virginia Code §§ 16.1-263 and 16.1-264 as required by *Baker*.

In further support of this contention, the Commonwealth has referred this Court to the letter opinion of the Honorable Jerome James of the Circuit Court of the City of Norfolk in the case of *Commonwealth v. Bennie E. Leavell, Jr.*, CR99-5123 / 90-3523F12 and 90-3525F12-1. Specifically, the Commonwealth refers to the following paragraph contained in Judge James' Opinion Letter dated May 2, 2000:

> The transfer order from the Norfolk Juvenile and Domestic Relations District Court, signed by Judge Martin, is sufficient on its face for this Court to conclude that sufficient notice was given to the defendant's father. The transfer order from the Juvenile and Domestic Relations Court of the City of Norfolk recites that "a transfer hearing was conducted pursuant to proper notice to the juvenile [and] the juvenile's parents." This transfer order is presumed correct and accurate. A court order, to which the defendant does not object within 21 days of its entry, is presumed to be the "final pronouncement on the subject," and an appellate court may presume that the order, rather than a transcript, "accurately reflects what transpired." *Thomas v. Commonwealth*, 16 Va. App. 851, 861, 434 S.E.2d 319, 325 (1993).

While there is a presumption of the correctness of a Court Order, the Petition filed in the Norfolk Juvenile and Domestic Relations District Court in the *Leavell* case referred to in Judge James' Opinion reflects the full name and a full address for the juvenile defendant's father, unlike the Petition filed in the Norfolk Juvenile and Domestic Relations District Court in the instant cause.

The Court of Appeals, in its *Baker* opinion, stated:

> A plain reading of Code §§ 16.1-263 and 16.1-264 manifests legislative intent that both parents be notified and dispenses with this requirement only when the trial judge has certified on the record that the identity of a parent is not reasonably ascertainable. The trial judge made no such certification on this record. Indeed, the record contains no evidence that any attempt was made by the trial judge or the Commonwealth to ascertain the address of the biological father.

28 Va. App. at 312.

There is no evidence on the record or otherwise that the Commonwealth made any attempt to give notice of the proceedings to the biological father although the Commonwealth would contend that the above referred to checked boxes in the Transfer/Retention Orders are sufficient indication of notice.

The *Baker* case further goes on to say:

> Without either a certification on the record that the identity of Baker's father was not reasonably ascertainable or proof of service of the summons upon Baker's father by publication, the provisions of Code § 16.1-263(A), requiring service of summonses on the parents of a juvenile, have not been met. "The provisions in the code specifying parents of a juvenile as proper and necessary parties who must receive notice are mandatory." Noncompliance with these requirements necessitates reversal of Baker's convictions.

*Id.* at 313 (citations omitted).

The Virginia Supreme Court, in affirming the Court of Appeals stated:

> even though the juvenile's mother received notice,[2] the juvenile's biological father was not notified, there was no attempt to give him

---

[2] As did Defendant's mother in the instant case.

notice, and the circuit court made no certification on the record that the identity of the father was not reasonably ascertainable.

258 Va. at 2.

While the Commonwealth would contend that the above referred to checked boxes in the Transfer/Retention Orders are sufficient indication of notice to the father, the record of and from the Norfolk Juvenile and Domestic Relations District Court is void of any indication of any attempt to give notice of the proceedings to the biological father. There is no evidence that the father of the Defendant was notified of the proceedings nor any certification on the record or otherwise of any nature whatsoever that any effort was made to locate or notify the father of the Defendant or that the identification of the father of the Defendant was not reasonably ascertainable.

The provisions of Code §§ 16.1-263 and 16.1-264, "relating to procedures for instituting proceedings against juveniles, are mandatory and jurisdictional, and the failure to 'strictly follow' these notice procedures denies a juvenile defendant 'a substantive right and the constitutional guarantee of due process'." 28 Va. App. at 310.

The noncompliance with the requirement of notifying the father of Defendant as required by Code §§ 16.1-263 and 16.1-264 causes the transfer of the jurisdiction from the Norfolk Juvenile and Domestic Relations District Court to the Norfolk Circuit Court "ineffectual and the subsequent convictions are void," as set forth in *Baker*. *Id*. at 315.

Counsel for Defendant will prepare an Order causing the above captioned matter to be remanded to the Norfolk Juvenile and Domestic Relations District Court for such further proceedings as the Commonwealth shall be so advised.