# CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Corey Jermaine Hargrove

May 29, 2001

Indictment for Rape: F-91-2190-J
Indictment for Sexual Abuse: F-91-2507-J
Indictment for Abduction: F-91-2508-J

BY JUDGE LEARNED D. BARRY

Corey Jermaine Hargrove filed a "motion to set aside verdict or in alternative a new trial" with this Court on August 2, 2000. Citing *Baker v. Commonwealth*, 28 Va. App. 306 (1998), *aff'd per curiam*, 258 Va. 1 (1999), Defendant alleged his convictions in the above-captioned matters are void for want of subject matter jurisdiction. Defendant claimed the juvenile court failed to notify his biological father of its transfer proceedings in this matter. The Court appointed counsel and proceeded to a hearing on this motion on April 18, 2001, and May 11, 2001.

After considering all the evidence and finding no merit to this claim, the Court denies Defendant's motion to set aside verdict in Defendant's 1991 convictions of rape, sexual abuse, and abduction for the reasons set forth herein.

*Facts*

Defendant was fifteen years of age at the time of the offenses. The juvenile petitions for rape, sexual abuse, and abduction list Timothy Alexander Harris (hereinafter "father"), 1901 Rose Avenue, Richmond, Virginia, as Defendant's father. (Appellate Record pp. 1, 7, 9.) The petitions

listed Mary Frances Neblett (hereinafter "mother"), 2218 Fairfield Avenue, Richmond, Virginia, as Defendant's mother. (App. Rec. pp. 1, 7, 9.)

The record indicates the juvenile court issued summons and notice of transfer hearing to Defendant, father, and mother at their respective addresses. The civil process server did not sign or date the return of service for father's summons and notice for the rape petition. (Defendant's Exhibit No. D.) The process server signed and dated the return of service for father's summons and notice for the abduction petition. (Def. Ex. No. E.) A hand written note in the "Executed and delivered" box of this summons and notice states "Mary Neblett" with no further explanation. (Def. Ex. No. E.) Likewise, the process server signed and dated the return of service for father's summons and notice for the sexual abuse petition. This return also contains a similar "Mary Neblitt" notation. (File No. F-91-2507-J.)

The juvenile record indicates Defendant's mother attended both the May 22, 1991, and June 19, 1991, transfer hearings. (Def. Ex. Nos. A and B.) The record does not indicate his father was present. The juvenile court stated its compliance with the Code of Virginia, 1950, as amended, in each of its transfer orders, stating for the record "a transfer hearing was conducted pursuant to proper notice to the juvenile [and] the juvenile's parents. . . ." (Commonwealth's Exhibit Nos. 1 and 2; App. Rec. p. 14.)

Defendant's mother testified Timothy Harris is the biological father of Defendant. (April 18, 2001, Transcript p. 9.) Defendant's father testified he did not receive notice of any juvenile court proceedings involving Defendant in 1991, nor did he attend any juvenile proceedings involving Defendant in 1991. (May 11, 2001, Transcript p. 7.)

*Analysis and Findings*

A court speaks through its orders and these orders are presumed to accurately reflect what transpired. *Waterfront Marine Const., Inc. v. North End 49ers*, 251 Va. 417, 427, n. 2 (1996). In *Suber v. Commonwealth*, Va. Record No. 992676 (November 3, 2000), the Supreme Court of Virginia accorded a presumption of validity to the juvenile court's transfer order which stated "a transfer hearing was conducted pursuant to proper notice pursuant to Va. Code §§ 16.1-263 and 16.1-264."

The Court also noted the transfer hearing report quoted Suber's father and evidence in the record indicating the juvenile court sent Suber's father notice by certified mail, although the certified mail was returned bearing a stamp "Return to Sender." *Id.* at 2.

In the present case, the juvenile court's transfer orders certify its compliance with Sections 16.1-263 and 16.1-264 of the Code of Virginia, 1950, as amended. The orders specifically state the transfer hearings were conducted pursuant to proper notice to the juvenile's "parents." (Commonwealth's Exhibit Nos. 1 and 2; App. Rec. p. 14.)

Like *Suber*, the Commonwealth contests Defendant's allegations of improper notice. In addition to its transfer orders and the recitals therein concerning notice to Defendant's father, the record shows the juvenile court issued a summons and notice of transfer hearing to Defendant's father for all charges. Furthermore, the record contains a return of service for each charge.

The defense argues the notation "Mary Neblett" on two of the returns should be interpreted to mean the executor improperly served Defendant's mother with his father's papers. The Court is not persuaded by this argument and will not infer improper notice from an unexplained notation on the return of service for these charges.

The defense also argues the testimony of both mother and father at the hearing on this motion rebuts the evidence of proper notice in the juvenile court's records and the juvenile court's order. The Court, however, finds the testimony of Defendant's mother and father inherently incredible.

### Conclusion

The Court concludes the Defendant failed to rebut the presumption of validity accorded the May 22, 1991, and June 19, 1991, transfer orders and the evidence in the record of the juvenile court's notice to Defendant's father. Accordingly, the Court this day orders Defendant's motion to set aside verdict hereby denied.

The Clerk's Office shall mail a certified copy of this Decision and Order to Esther Windmueller, counsel for Defendant, and Carroll Hughes, counsel for the Commonwealth.