# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Commonwealth of Virginia

v.

Steven Leman Spruill

June 21, 2001

Indictment Nos. 25666, 25667, 25668,
25669, 25670, and 25671

BY JUDGE DEAN W. SWORD, JR.

This matter comes before the Court upon a motion to vacate orders of conviction entered in our matter numbers 25666, 25667, 25668, 25669, 25670, and 25671 pursuant to the rule enunciated in *Baker v. Commonwealth*, 28 Va. App. 306, 504 S.E.2d 394 (1998), affirmed *Commonwealth v. Baker*, 258 Va. 1, 516 S.E.2d 219 (1999).

The petitioner appears *pro se*. Since the court is of the opinion that this case may be decided upon the record and the applicable law, no hearing shall be held.

For the reasons stated herein, the motion is hereby denied. A separate order will be entered by the court and forwarded to the defendant.

The record, along with an affidavit submitted by the petitioner, indicates that the defendant was 17 years of age at the time these various petitions were filed in the Portsmouth Juvenile and Domestic Relations Court, his date of birth being April 25, 1956. On August 3, 1973, petitions charging (in numerical order as noted above) burglary, rape, sodomy, robbery, robbery, and robbery were filed. Each petition identified petitioner's parents as "father Mack Spruill, 2509 Graham Street" and "mother Mary Spruill, same." It was apparently determined that his mother's correct name was Marian Shirley Brown since all papers in the file after August 6, 1973, use this name or call her simply "Shirley Brown." A corrected address for Mack Spruill was also entered as "417 Queen Street." An examination of the various documents indicates that petitioner's mother was present at all juvenile court hearings

and at trial in this court. While the father was duly identified and was named on various documents, there is no evidence in the files to indicate that he was ever served with a notice of any of the juvenile court proceedings nor did he make a voluntary appearance. The petitioner is correct when he claims that there is no record of any notice to his father.

Following the institution of the juvenile court petitions, the court, upon motion of the Commonwealth, conducted a transfer hearing in each matter and transferred the petitioner to this court for subsequent trial. Trial in this court led to the convictions for which petitioner is currently incarcerated.

In 1998, the Court of Appeals handed down its opinion in *Baker v. Commonwealth, supra*. While this court has entertained a number of motions since the decision of the Court of Appeals, it is essential that *Baker* be placed in proper context. It is also important to note that, because *Baker* construes and applies Virginia Code §§ 16.1-263 and 16.1-264, it has certain limitations. For instance, the 1999 amendment to § 16.1-263 requiring notice to only one parent would eliminate a *Baker* challenge for cases occurring after July 1, 1999; also, for matters tried in a circuit court, the effect of Virginia Code § 16.1-269(E) would eliminate a *Baker* challenge to prosecutions instituted after July 1, 1996. (See also *Moore v. Commonwealth*, 259 Va. 405, 527 S.E.2d 415 (2000).)

One important limitation on *Baker* is that *Baker* is a case involving statutory construction. As a threshold to considering a *Baker* motion, we must first determine the applicability of Virginia Code § 16.1-263 to the case at hand.

The answer to this is found in a review of the statute as it existed in 1973. This court is grateful to Justices Kinser and Lacy for their analysis of the juvenile law as it existed prior to 1977 in their dissenting opinion in *Moore v. Commonwealth*, 259 Va. 431, 527 S.E.2d 406 (2000), because, while they did not change anything in *Moore*, they did in large measure answer our question.

As is noted at page 446 of *Moore* and at page 75 of Volume 3B of the current Code of Virginia, §§ 16.1-139 through 16.1-217 and 16.1-217.1 through 16.1-217.4 were repealed by Chapters 559 and 341 respectively of the 1977 Acts of Assembly. These sections were then recodified and reenacted as Chapter 11 of Title 16.1 of the Code of Virginia, with certain amendments.

Thus the version of § 16.1-263 that gave rise to *Baker* came after July 1, 1977. As Justice Kinser further observes in *Moore*, the procedure now governed by § 16.1-263 was governed by § 16.1-172 in 1973. (*Moore*, at p. 446.)

This court then must proceed to determine what was required by 16.1-172. This section provides *inter alia,* "In no case shall the hearing proceed until the parent or parents of the child ... have been notified. ..."

Having considered the language of the statute, I am of the opinion that the applicable version allowed notice to only one parent to suffice. This is different from § 16.1-263 in effect when *Baker* was decided since that version eliminated "parent or parents" and substituted the word "parents." Applying the same arguments of statutory construction used by the *Baker* court allows us to reach the opposite result based upon different statutory language. (See *Baker,* at p. 314.)

The record in these cases reflect notice to the mother of the petitioner and her presence at all legal proceedings. This was in compliance with § 16.1-172 and thus *Baker* can afford no relief to this petitioner.

### Order

This matter came on this day to be heard upon the Motion to Vacate filed *pro se* by the defendant herein, upon the determination by the Court that this matter could be decided upon the record without oral argument or further hearing and for the various reasons stated by the Court in its opinion letter of even date with this order, the Court does deny and dismiss the petition. It is so ordered.