COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Senior Judge Hodges
Argued at Richmond, Virginia


JERRY DEON SMITH
                                          OPINION BY
v.    Record No. 1566-01-2          JUDGE JAMES W. BENTON, JR.
                                         AUGUST 27, 2002
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF HENRICO COUNTY
                    George F. Tidey, Judge

         Craig W. Sampson for appellant.

         Michael T. Judge, Assistant Attorney General
         (Jerry W. Kilgore, Attorney General, on
         brief), for appellee.


     A jury convicted Jerry Deon Smith, a juvenile, of two

counts of robbery and two counts of using a firearm in the

commission of robbery.  Smith contends the juvenile and domestic

relations district court and the circuit court "fail[ed] to

obtain subject matter jurisdiction over [him]" by not making a

reasonable effort to notify his father of the proceedings.  We

affirm the convictions.

                              I.

     On April 28, 2000 and September 22, 2000, the juvenile

court issued petitions charging Smith with two counts of robbery

and two counts of using a firearm in the commission of the

robberies.  At a later hearing, a judge of the juvenile court

found probable cause to believe Smith was over the age of

fourteen and committed the four offenses. Smith's mother received a summons and was present at the hearings.

Smith's attorney filed a motion in the circuit court to bar the Commonwealth from seeking an indictment and to dismiss the charges because of "fail[ure] to obtain subject matter jurisdiction." The trial judge denied the motion. After the grand jury issued indictments on all charges, Smith received a jury trial and was convicted of all charges. This appeal followed entry of the final judgment.

## II.

Prior to July 1, 1999, Code § 16.1-263(A) required the juvenile court to issue summonses to "the parents" of the juvenile. See Baker v. Commonwealth, 28 Va. App. 306, 308, 504 S.E.2d 394, 395 (1998), aff'd, 258 Va. 1, 516 S.E.2d 219 (1999). Effective July 1, 1999, the legislature amended Code § 16.1-263(A) to provide for issuance of a summons "to at least one parent." The amended portion of the statute, which is pertinent to the issues raised on this appeal, provides as follows:

> After a petition has been filed, the court shall direct the issuance of summonses, one directed to the juvenile, if the juvenile is twelve or more years of age, and another to at least one parent, guardian, legal custodian or other person standing in loco parentis, and such other persons as appear to the court to be proper or necessary parties to the proceedings. The summons shall require them to appear personally before the court at the time

fixed to answer or testify as to the
allegations of the petition.  Where the
custodian is summoned and such person is not
a parent of the juvenile in question, a
parent shall also be served with a summons.
The court may direct that other proper or
necessary parties to the proceedings be
notified of the pendency of the case, the
charge and the time and place for the
hearing.

Code § 16.1-263(A).

In Nelson v. Warden, 262 Va. 276, 552 S.E.2d 73 (2001), the
Supreme Court interpreted Code § 16.1-263(A) as it existed before
the legislature amended the statute.  Overruling one of its prior
decisions, the Court held "that the statutory requirement of
notice to parents was not jurisdictional but procedural in
nature."  Id. at 285, 552 S.E.2d at 77.  The ratio decidendi of
the Nelson decision applies to the amended statute because the
legislature neither enhanced the notice provision nor addressed
subject matter jurisdiction.  Thus, Nelson answers Smith's
contention that the parental notice requirement in Code § 16.1-
263 implicates "subject matter jurisdiction."  Put simply, the
notice requirement in the amended statute does not implicate
subject matter jurisdiction.  See Nelson, 262 Va. at 284-85, 552
S.E.2d at 77.

### III.

Beyond the terminology Smith uses, the substance of Smith's
claim is that Code § 16.1-263, as amended, continues to require
the juvenile court to issue a summons to both parents.  Smith
concedes his mother received a summons and appeared at all
hearings in juvenile court and circuit court.  He contends,
however, that the courts were required by Code § 16.1-263(E) to

make an attempt to locate and notify his father.  We disagree.

The unambiguous language in Code § 16.1-263(A) provides that issuance of a summons "to at least one parent" is deemed to be procedurally sufficient to satisfy the statutory requirement. Indeed, further language in subpart (A) of the statute reinforces this conclusion because it provides that "[w]here the custodian is summoned and such person is not a parent of the juvenile in question, a parent shall also be served with a summons."  Code § 16.1-263(A) (emphasis added).

Nothing in Code § 16.1-263(E) detracts from these unambiguous provisions.  It reads as follows:

> No such summons or notification shall be required if the judge shall certify on the record that (i) the identity of a parent or guardian is not reasonably ascertainable or (ii) in cases in which it is alleged that a juvenile has committed a delinquent act, crime, status offense or traffic infraction or is in need of services or supervision, the location, or in the case of a parent or guardian located outside of the Commonwealth the location or mailing address, of a parent or guardian is not reasonably ascertainable. An affidavit of the mother that the identity of the father is not reasonably ascertainable shall be sufficient evidence of this fact, provided there is no other evidence before the court which would refute such an affidavit.  In cases referred to in clause (ii), an affidavit of a law-enforcement officer or juvenile probation officer that the location of a parent or guardian is not reasonably ascertainable shall be sufficient evidence to this fact, provided that there is no other evidence before the court which would refute the affidavit.

Code § 16.1-263(E).

"[M]indful of the general rule . . . that courts should not

construe statutory language which is facially unambiguous . . . [, we note], however, . . . our duty to interpret the several parts of a statute as a consistent and harmonious whole so as to effectuate the legislative goal."  VEPCO v. Bd. of County Supervisors, 226 Va. 382, 387-88, 309 S.E.2d 308, 311 (1983).  Although Smith contends Code § 16.1-263(E) "makes clear that the Commonwealth's duty to notify both . . . parents does not end when it finds one parent," nothing in the language of this provision supports that contention.  Moreover, the provision, which states that a summons may be dispensed with "if the judge shall certify on the record that . . . the identity of a parent is not reasonably ascertainable," is not inconsistent with subpart (A), which requires a summons to be issued to "at least one parent."  Code § 16.1-263(E) (emphasis added), (A).  Indeed, if a juvenile is in the custody of a custodian and the mother has at some previous time executed the affidavit as specified in subpart (E), the trial judge is not required to issue a summons to the juvenile's father.  Thus, the provision of Code § 16.1-263(E) that allows a judge to rely upon "an affidavit of the mother that the identity of the father is not reasonably ascertainable" does not require that both parents be served with a summons.

We hold that the provisions of Code § 16.1-263 were satisfied in this case because a summons was issued to Smith's mother, who appeared at each hearing.  Accordingly, we affirm the convictions.

Affirmed.